Argued and submitted September 23, 1985, affirmed April 16, reconsideration denied June 6, petition for review denied July 15, 1986 (301 Or 338)

# CHARLES HENRY PAGE,
*Petitioner,*

*v.*

# CUPP,
*Respondent.*

## (142527; CA A34280)

717 P2d 1183

Lester E. Seto, Salem, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, Scott McAlister, Assistant Attorney General, and Robert J. Jackson, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioner appeals the dismissal of his petition for post-conviction relief. Three grounds for relief were alleged: (1) he was unconstitutionally denied effective assistance of post-conviction counsel with respect to his first post-conviction proceeding, (2) he was unconstitutionally denied effective assistance of trial counsel with respect to his criminal prosecution and (3) he was unconstitutionally denied a jury trial. The trial court, after reviewing all of the evidence, and over both parties' objection, dismissed the petition, ruling that the first ground raised does not state facts sufficient to constitute a claim for relief and that the latter two could reasonably have been raised in the first post-conviction proceeding and were, therefore, barred by the *res judicata* effect of ORS 138.550 (3). We affirm.

Petitioner was convicted in 1980 of robbery in the first degree after pleading guilty pursuant to a plea bargain agreement. In 1981, he filed a petition for post-conviction relief, alleging that the state had violated the plea agreement in that the state trial judge had agreed to confer with federal authorities in an attempt to have his state prison sentence and a potential federal prison sentence run concurrently, but had not done so. At the hearing on that petition, petitioner's original trial counsel testified that the plea agreement did not include an agreement by the trial judge to confer with federal authorities and that he had misinformed petitioner in that regard. Notwithstanding that development, post-conviction counsel did not ask for leave to amend the petition, and relief was denied. Petitioner now alleges that he was misled by his trial attorney regarding the agreement's terms, as a result of which he was denied the effective assistance of counsel and did not knowingly and voluntarily waive a jury trial.

■ The Post-Conviction Hearing Act, ORS 138.510 *et seq,* was enacted to eliminate the confusion caused by the multitude of common law remedies that were available to challenge the lawfulness of criminal convictions.[1] In theory,

---

[1] ORS 138.540(1) provides:

"Except as otherwise provided in ORS 138.510 to 138.680, a petition pursuant to ORS 138.510 to 138.680 shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or

the act provides a single, exclusive remedy. *See Strong v. Gladden,* 225 Or 345, 348, 358 P2d 520 (1961). It does not, however, provide recourse for all persons illegally restrained. In this regard, ORS 138.540(2) provides:

"When a person restrained by virtue of a judgment upon a conviction of crime asserts the illegality of his restraint upon grounds other than the unlawfulness of such judgment or the proceedings upon which is it based or in the appellate review thereof, relief shall not be available under ORS 138.510 to 138.680 but shall be sought by habeas corpus or other remedies, if any, as otherwise provided by law."

Petitioner's first allegation, that counsel in his first post-conviction proceeding was ineffective,[2] is neither an attack on the legality of the proceedings upon which his conviction is "based," *i.e.,* the trial and pretrial hearings, nor an attack on the "appellate review thereof." It is an attack, rather, on his first post-conviction proceeding; no more and no less. Consequently, that allegation does not raise a ground for post-conviction relief. *Hetrick v. Keeney,* 77 Or App 506, 713 P2d 688 (1986).

■ ORS 138.550(3), under which petitioner's second and third claims for relief were dismissed, provides:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in his original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

Petitioner argues that the grounds for relief raised by the

---

the proceedings upon which it is based. The remedy created by ORS 138.510 to 138.680 does not replace or supersede the motion for new trial, the motion in arrest of judgment or direct appellate review of the sentence or conviction, and a petition for relief under ORS 138.510 to 138.680 shall not be filed while such motions or appellate review remain available. With the exception of habeas corpus, all common law post-conviction remedies, including the motion to correct the record, coram nobis, the motion for relief in the nature of coram nobis and the motion to vacate the judgment, are abolished in criminal cases."

[2] ORS 138.590(2) provides for the appointment of "suitable" counsel. We do not address the issue of whether petitioner had a constitutional right to "effective" post-conviction counsel.

dismissed claims, that he was unconstitutionally denied effective assistance of trial counsel and a jury trial, could not reasonably have been raised in the earlier proceeding, because his counsel in that proceeding was ineffective. He contends that, because of the attorney's ineffectiveness, the fact that his trial attorney had misled him was not revealed before the first hearing took place and that "effective" post-conviction counsel would have amended the original petition to raise the allegations immediately after the revelation. In other words, he argues that he should not be barred from raising the allegations now, because it was his post-conviction counsel's ineffectiveness, not his own neglect, that resulted in the failure to raise them in the original proceeding.

The state agrees with those contentions. In so doing, however, it does not mention *Church v. Gladden,* 244 Or 308, 417 P2d 993 (1966), the rationale of which appears to us to be controlling. In *Church,* the petitioner alleged that he could not reasonably have asserted in his first post-conviction proceeding the grounds raised in his second, because his post-conviction counsel refused to comply with his request that those grounds be raised. The court, affirming the dismissal of his second petition for post-conviction relief, said:

> "If petitioner has stated grounds for post-conviction relief which fall without the *res judicata* provision of ORS 138.550(3), it is absolutely impossible that there be any finality to this type of litigation. In each successive post-conviction proceeding all a petitioner need do is allege that his attorneys in each of his previous proceedings were unfaithful to their trust, and the door is open wide to relitigate *ad infinitum.*

> "In our opinion petitioner has not alleged sufficient reasons to escape the application of the *res judicata* provision of ORS 138.550(3). If petitioner's attorney in the first post-conviction proceeding failed to follow any legitimate request, petitioner could not sit idly by and later complain. He must inform the court at first opportunity of his attorney's failure and ask to have him replaced, or ask to have him instructed by the court to carry out petitioner's request. This is not too great a burden to place upon a petitioner when the attorney's failure to follow legitimate instructions takes place in petitioner's presence. All petitioner had to do was to speak to the court during his hearing on the first petition. He had immediate access to the judge by merely raising his voice. * * *" 244 Or at 311.

The court's reasoning is applicable here and, regardless of whether we agree that it is reasonable to put such a heavy burden on a petitioner, we are bound by it. Petitioner admits that the factual basis underlying his second and third claims for relief was revealed during his first post-conviction proceeding. He contends, nevertheless, that the same grounds could not reasonably have been raised in the first proceeding because his post-conviction counsel was ineffective or, in other words, that they could not reasonably have been raised because they were not. However, the act clearly anticipates that the petition may be amended and requires that a petitioner raise in his original or amended petition *all* grounds for relief then available to him. ORS 138.550(3). We understand *Church* to hold that he may not sit by and later complain if his attorney fails to do so. This requirement presumes that the petitioner has knowledge of all grounds for relief that were, or should have been, discovered before the close of the original proceeding. Here, petitioner allegedly discovered for the first time during the first post-conviction trial that his trial attorney misled him as to the plea bargain. The grounds for relief derived from that disclosure could and should have been raised at that time.

Affirmed.