Argued and submitted October 15, affirmed December 17, 1997

Jerel S. ORR,
*Appellant,*

*v.*

CITY OF EUGENE,
a municipal corporation,
*Respondent.*

(16-95-09508; CA A92689)

950 P2d 397

Robert J. Smith argued the cause and filed the brief for appellant.

James E. Mountain, Jr., argued the cause for respondent. On the brief were Jens Schmidt, Ellen D. Adler and Harrang Long Gary Rudnick, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiff appeals from the judgment entered after the trial court granted defendant's motion for summary judgment. He assigns error to the court's conclusion that he failed to comply with the notice provisions of the Oregon Tort Claims Act. ORS 30.275. We affirm.

■ Plaintiff alleges that he was injured on October 5, 1993, due to the negligence of defendant's ambulance service employees. Defendant did not receive plaintiff's formal notice of tort claim until April 5, 1994, two days after the expiration of the 180-day period within which such notices must be received under ORS 30.275(2)(b).[1] "The requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon Tort Claims Act that, if not satisfied, deprives a plaintiff of the right to make a claim." *Tyree v. Tyree*, 116 Or App 317, 320, 840 P2d 1378 (1992), *rev den* 315 Or 644 (1993).

While conceding that formal notice was untimely, plaintiff argues that he provided defendant with *actual* notice within the statutory time period. That "actual notice" consisted of a telephone call from plaintiff's attorney to the offices of the law firm that represents defendant in this matter. The call took place on April 1, 1994, two days before the expiration of the time limit for notice. Plaintiff's former attorney spoke with Susan Donnelly, a legal secretary at the office. Plaintiff contends that the attorney told Donnelly that plaintiff intended to sue the city and asked for information about where he should send formal notice, which Donnelly

---

[1] ORS 30.275 provides, in part:

"(1) No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section.

"(2) Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity:

"(a) For wrongful death, within one year after the alleged loss or injury.

"(b) For all other claims, within 180 days after the alleged loss or injury."

provided. Nothing in the record indicates that Donnelly communicated any details of this conversation to any of the firm's attorneys or that anyone at the firm other than Donnelly was aware that the conversation had occurred.

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). The record is viewed in the light most favorable to the nonmoving party. *Id.* The only issue before us is whether a telephone call to a legal secretary at the office of an attorney representing a public body constitutes "actual notice" under ORS 30.275.

ORS 30.275(6) provides that, even in the absence of formal notice, a tort claim against a public body may proceed if the plaintiff has given the public body actual notice; that is, information "such that a reasonable person would conclude that a particular person intends to assert a claim against the public body * * *." Actual notice may be communicated to any of the parties listed in ORS 30.275(5)(b): "[T]o the public body at its principal administrative office, to any member of the governing body of the public body, *or to an attorney designated by the governing body as its general counsel.*" (Emphasis supplied.)

Plaintiff contends that his telephone call to Donnelly constituted actual notice as a communication "to an attorney designated by the governing body as its general counsel," because communication to a legal secretary is essentially communication to the attorney for whom that secretary works. Plaintiff is arguing that we should interpret the phrase "to an attorney" as meaning "to an attorney or that attorney's agent." The statutory language in question has not been interpreted in our case law. Therefore, we must determine whether the legislature intended the interpretation plaintiff suggests.

We look first to statutory text and context in determining legislative intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Here, the text is facially unambiguous and does not support plaintiff's interpretation. The statute specifies notice "to an attorney." Mindful of our general mandate "not to insert what has been omitted" when we construe statutes, ORS 174.010, we see no

textual justification for expanding the reach of the notice provision as plaintiff suggests.

Nor does context support plaintiff's argument. Our inquiry into context includes analysis of "other provisions of the same statute and other related statutes." *PGE*, 317 Or at 611. Exploration of related statutory provisions—those which govern notice of claims and service to particular parties—demonstrates that the legislature knows how to unambiguously express the intention to allow notice to be given to office personnel like clerks and secretaries. *See, e.g.*, ORCP 7 D(3)(b)(i) (allowing service "upon any clerk on duty in the office * * *"). If the legislature had intended to allow tort claim notice to be given to legal secretaries, it would simply have said so, as it has in other statutes.

Our analysis of text and context refutes plaintiff's contention that notice by telephone to a legal secretary is "actual notice" under the Oregon Tort Claims Act. Accordingly, plaintiff failed to give defendant timely notice of his claim, and that claim may not proceed. *See, e.g., Tyree*, 116 Or App at 320.

Affirmed.