On appellant's motion to permit late notice of appeal, filed July 19; on respondent's response to motion to permit late notice of appeal, filed August 2; on appellant's memorandum, filed October 26; and on respondent's memorandum in response to court's question, filed November 22, 2000, motion to permit late notice of appeal denied with leave to renew January 31, 2001

In the Matter of
Gustavo Balderas, Jr., a Youth.

STATE OF OREGON ex rel JUVENILE
DEPARTMENT OF MARION COUNTY,
*Respondent,*

*v.*

GUSTAVO BALDERAS, JR.,
*Appellant.*

(J97-1228; CA A110806)

18 P3d 434

D. Olcott Thompson for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, for respondent.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Appellant, the youth in this juvenile delinquency proceeding, has moved for leave to pursue an otherwise untimely commenced appeal. The motion raises the question of whether the court has jurisdiction in this matter. In particular, should the principle of *State ex rel SOSCF v. Hammons*, 169 Or App 589, 10 P3d 310 (2000), be extended to a juvenile delinquency proceeding where youth's counsel failed to file a timely notice of appeal and youth asserts that that failure constituted inadequate assistance of counsel? We conclude that youth is entitled to assert that counsel's failure to file a timely notice of appeal was inadequate assistance of counsel. We further conclude that the putative appeal does not present a colorable claim of error in the underlying delinquency proceeding and that the notice of appeal that ultimately was filed was tendered for filing within a reasonable time after entry of the juvenile court's disposition. Consequently, we hold that youth is not entitled to pursue a delayed appeal.

The juvenile court found youth, at age 15, to be within the jurisdiction of the court on the ground that youth had committed acts that would be crimes if committed by an adult. ORS 419C.005. The juvenile court's order finding jurisdiction and making a disposition was entered in the trial court register on March 1, 2000. Under ORS 419A.200(3)(c), youth had 30 days from that date to file a notice of appeal from the order.

■ Youth was represented in the juvenile court by counsel. In an affidavit submitted to this court, counsel swears that on March 3, 2000, she prepared a notice of appeal on behalf of youth and hand delivered the notice of appeal to "the Court of Appeals, Supreme Court Building." We take that to mean that counsel hand delivered the notice of appeal to the Office of the State Court Administrator's Records Section, located in the Supreme Court Building, the entity that functions as the clerk for the Court of Appeals. There is, however, no extrinsic corroboration of counsel's representation. We note, moreover, that the copy of the notice of appeal that was served on the trial court administrator, which stated that the notice was being served on March 3, was not actually

received by the trial court until April 4, 2000. We conclude that, in the circumstances presented here, counsel's affidavit, without more, is insufficient to establish that the notice of appeal was timely filed.

On June 27, 2000—118 days after the entry of the juvenile court's disposition—counsel filed a notice of appeal in this matter. Thereafter, the juvenile court appointed another attorney to represent youth on appeal. Because the "savings" provision of ORS 419A.200(4)[1] did not apply in this case, youth's new attorney filed a motion to permit a late notice of appeal to be filed, arguing that *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990), "permits the raising of inadequate assistance of counsel claims on direct appeal of juvenile cases." Youth argued, in particular, that this case is analogous to *Geist*, where the Supreme Court held that, on direct appeal from a judgment of termination of parental rights, a parent whose parental rights had been terminated could assert that the parent's attorney rendered inadequate assistance of counsel in the juvenile court proceedings. 310 Or at 185-87.

The juvenile department filed a memorandum in opposition to youth's motion, arguing that *Geist* should not be extended (1) to permit the assertion of inadequate assistance

---

[1] ORS 419A.200(4) provides, in part:

"(4)(a) Upon motion of a person, other than the state, entitled to appeal under subsection (1) of this section, if the person was not represented by counsel in the proceeding from which the appeal is being taken, the appellate court shall grant the person leave to file a notice of appeal after the time limits described in subsection (3) of this section if the person shows a colorable claim of error in the proceeding from which the appeal is taken.

"* * * * *

"(c) The request for leave to file a notice of appeal after the time limits prescribed in subsection (3) of this section shall be filed no later than 90 days after entry of the order being appealed and shall be accompanied by the notice of appeal sought to be filed. A request for leave under this subsection may be filed by mail and shall be deemed filed on the date of mailing if the request is mailed as provided in ORS 19.260.

"(d) The court shall not grant relief under this subsection unless the state has notice and opportunity to respond to the person's request for relief."

Youth is not entitled to relief under that statute because youth was "represented by counsel in the proceedings from which the appeal is being taken, * * *" ORS 419A.200(4)(a), and the notice of appeal was filed beyond the 90-day "grace period" specified in ORS 419A.200(4)(c).

of counsel for the purpose of permitting an otherwise late appeal to go forward; and (2) to permit an otherwise untimely appeal in a delinquency case, because the juvenile code contains a remedy, ORS 419C.610, to address the problem of a youth offender who claims inadequate assistance of counsel.[2]

After the juvenile department filed its memorandum, we decided *Hammons*. In *Hammons*, the mother in a termination case contended that her attorney's filing of an untimely notice of appeal constituted inadequate assistance of counsel and that, under *Geist*, she was entitled to pursue her appeal. We concluded that the counsel's failure constituted inadequate assistance; that there was no adequate remedy for that default; and that the mother sought her delayed appeal within a reasonable period of time. *Hammons*, 169 Or App at 593-97. We further concluded that the mother had demonstrated a "colorable claim of error" in the underlying termination proceeding and, thus, was entitled to prosecute a delayed appeal. *Id.* at 598. After *Hammons*, we invited the present parties to address *Hammons*'s application to this case.

The juvenile department acknowledges that, given *Hammons*, there is no principled basis on which to distinguish delinquency cases and termination of parental rights cases for these purposes. Thus, like the mother in *Hammons*, the youth here may, on direct appeal, raise a claim of inadequate assistance of counsel.[3] The juvenile department also

---

[2] ORS 419C.610 provides:

"Except as provided in ORS 419C.613, the court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct."

We have not had occasion to consider whether a juvenile court may rely on ORS 419C.610 for the purpose of reentering a judgment or other appealable disposition solely for the purpose of allowing an aggrieved party to pursue an otherwise late appeal. *But cf. Far West Landscaping v. Modern Merchandising*, 287 Or 653, 601 P2d 1237 (1979) (holding that a trial court may not set aside and reenter a judgment pursuant to ORCP 71 for the sole purpose of permitting a party to take an otherwise late appeal).

[3] In *State ex rel Juv. Dept. v. Charles/Austin*, 106 Or App 628, 810 P2d 389, *rev den* 312 Or 150 (1991), we held that *Geist* would be extended to juvenile dependency cases for the purpose of permitting the appellant to raise a claim of inadequate assistance of counsel on direct appeal.

acknowledges that a youth appellant in a delinquency proceeding may assert a claim of inadequate assistance of counsel for the purpose of securing leave to pursue an otherwise untimely appeal.[4]

 Youth has established inadequate assistance of counsel in that youth's trial counsel did not timely file a notice of appeal from the juvenile court's order; at least, counsel has not demonstrated to our satisfaction that she did so. However, the juvenile department argues—and we agree—that a mere showing of inadequate assistance in that regard is insufficient by itself to trigger an entitlement to a delayed appeal. Rather, and by direct analogy to *Hammons,* youth must also show: (1) a colorable claim of error in the underlying delinquency proceeding; and (2) that youth's ultimately filed notice of appeal was filed within a reasonable time.

Addressing the latter requirement first, counsel tendered for filing the second notice of appeal she prepared 118 days after the date of entry of the judgment being appealed. That is longer than the 90 days provided for in comparable statutes, ORS 419A.200(4) and ORS 138.071(4).[5] However, it nevertheless is a reasonable time from youth's perspective because, as far as youth himself knew, his trial counsel had timely filed a notice of appeal and the appeal was proceeding. *See, e.g., Hammons,* 169 Or App at 596-97.

██ With respect to whether youth has shown a colorable claim of error in the underlying delinquency proceeding, youth asserts that "there is an issue of whether the state proved that appellant was guilty." We review cases arising from juvenile court *de novo,* ORS 419A.200(3)(c), and, given that this is a delinquency case, we review the sufficiency of the state's proof using the "beyond a reasonable doubt" standard. *See, e.g., State ex rel Juv. Dept. v. Millican,* 138 Or App

---

[4] The juvenile department has abandoned its argument that ORS 419C.610 provides a remedy for the juvenile court to afford relief.

[5] As noted above, ORS 419A.200(4) authorizes this court under prescribed circumstances to permit an otherwise untimely appeal to go forward in a juvenile court case. ORS 138.071(4) authorizes this court under prescribed circumstances to permit an otherwise untimely appeal to go forward in a criminal case. Although there are differences between those statutes, they share at least one common element: Both statutes require that the appellant filed a motion for delayed appeal within 90 days after the date of entry of the judgment being appealed.

142, 144, 906 P2d 857 (1995), *rev den* 323 Or 114 (1996). We understand youth to contend that, in light of that standard of review and burden of proof, he has established a colorable claim of error merely by stating his intent to challenge the sufficiency of the evidence.

As noted above, 172 Or App at 226, ORS 419A.200(4) does not apply to this case. Consequently, the legislature's intent in employing the phrase "colorable claim of error" in that statute is not strictly binding on us. Nevertheless, that statute provides a logical and closely analogous starting point for determining whether youth has been prejudiced by counsel's inadequate assistance. The legislature has not defined the phrase "colorable claim of error" in ORS 419A.200(4)(a) or any of the other three statutes in which the phrase is used.[6] The key word in the phrase is "colorable," the dictionary definition for which is "seemingly valid and genuine: having an appearance of truth, right, or justice: plausible." *Webster's Third New Int'l Dictionary*, 449 (unabridged ed 1993).

Part of the context of the legislature's use of the phrase "colorable claim of error" is case law in existence when the legislature adopted the phrase. The legislature first used that phrase in ORS 183.482(3), relating to stays of agency orders in contested cases pending judicial review, and it appears to be a statutory codification of this court's decision in *Von Weidlein/N.W. Bottling v. OLCC*, 16 Or App 81, 515 P2d 936 (1973). In that case, the court characterized "colorable claims" as contentions that "appear to be substantial" or "non-frivolous." *Id.* at 89. As is evident from the court's decisions in *Von Weidlein/N.W. Bottling*, and another case, *Evans v. OSP*, 87 Or App 514, 525-26, 743 P2d 168 (1987), a prison disciplinary order case, a "colorable claim of error" is something less than a showing that the petitioner is reasonably likely to prevail on appeal. Combining the dictionary definition of "colorable" with the characterization of "colorable claims" in *Von Weidlein/N.W. Bottling*, it appears that

---

[6] The other three statutes are: ORS 138.071(4) (authorizing delayed appeals in post-conviction relief cases); ORS 183.482(3) (authorizing stays of enforcement of agency orders in contested cases pending judicial review); and ORS 197.845(1) (authorizing the Land Use Board of Appeals to grant stays of land use decisions being reviewed in that tribunal).

the legislature may have intended "colorable claim of error" to mean seemingly valid, genuine, or plausible claims of error or substantial and nonfrivolous claims of error.

In determining what constitutes a colorable claim of error in the context of this case, we find helpful a trilogy of cases relating to the circumstances under which a party entitled to appointed counsel on appeal also is entitled to a transcript at state expense.

■ Under ORS 138.500(3), an indigent defendant on appeal in a post-conviction relief case is entitled to only so much of the transcript as is "necessary" for the appeal. In *SER Acocella v. Allen*, 288 Or 175, 604 P2d 391 (1979), the court rejected the appellate counsel's contention that, merely because the counsel is new to the case, the counsel is absolutely entitled to a transcript at state expense. Rather, the court held that a trial court reasonably may require some showing of the defendant's contentions on appeal. The court also held that the appellate counsel may discern those grounds by consulting with the trial counsel, by interviewing the client, or by examining the trial file. The court also held that the trial counsel has a duty to assist the appellate counsel in determining possible grounds for appeal, a holding we reiterate here. *Id.* at 187. In administering that standard, (we bear in mind *Acocella*'s admonition that even a trial counsel would have difficulty "trying to recall all of the potential grounds for appeal from a judgment rendered weeks or months ago, to specify where in the proceedings the errors occurred, and to present that information to the court, all without the benefit of a transcript." *Id.* at 190. Where, as in most appeals arising from juvenile court, new counsel is appointed to handle the appeal, "the court cannot expect counsel to quote the exact language of an allegedly prejudicial remark, or to locate an error in the record with pinpoint precision." Only if the court processes motions for a delayed appeal with a tolerant appreciation for the task confronting appellate counsel can would-be appellants be assured the same opportunity for appellate review as the appellant whose attorney timely filed a notice of appeal. *See id.* at 190-91.

Again, borrowing from another appellate transcript case, *State v. Bonner*, 66 Or App 1, 4, 672 P2d 1333 (1983), an appellant must somehow indicate to this court intended or possible contentions on appeal. Further, appellate counsel's affidavit in support of a motion for a delayed appeal should reflect contact with trial counsel and, in reasonable detail, trial counsel's efforts to assist, including trial counsel's recollections of specific trial court rulings on objections, jury instructions given or requested and pretrial motions and rulings. *See id.* at 5. As the court suggested in *Bonner*, we ought not subject a counsel's affidavit to extraordinary scrutiny and, in the absence of any evidence to the contrary, a counsel is entitled to a presumption that representations of reasons for needing the transcript are made honestly and in good faith. *See id.* at 6.

Lastly, as the court held in *State v. Richter*, 140 Or App 1, 914 P2d 703, *rev den* 323 Or 691 (1996), a third case involving a claimed right to a transcript on appeal, the duty of an appellate counsel to search the record for possible error does not automatically translate into a right to a transcript at state expense. Rather, the counsel still must identify some cognizable claim of error. Where, as here, there are multiple charges and a trial presumably including motions and evidentiary objections, it should not be burdensome for the appellate counsel in consultation with the trial counsel to identify at least one cognizable claim of error, if one exists. *See id.* at 5-6.

In this case, youth's attorney has asserted merely that he intends to challenge the sufficiency of the evidence. He does not identify in what respect the evidence is insufficient. For example, he does not assert that there was a complete failure of proof with respect to any essential element or explain why, on *de novo* review, the evidence does not persuasively establish that youth committed the alleged acts. Therefore, youth's motion to permit a late notice of appeal must be denied. However, because the court is announcing in this decision its standard for determining a colorable claim of

error, the court gives youth leave to renew his motion based on a more detailed showing of any claims of error youth may assert on appeal.

Motion to permit late notice of appeal denied with leave to renew.