On appellant's motion for leave to file a notice of appeal after time limits filed January 25, motion for delayed appeal denied; appeal dismissed September 12, 2001

## GERALD WESLEY MILLER,
*Appellant,*

*v.*

## G. H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

CV97-0197; A112032

32 P3d 234

Harrison Latto for motion.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, *contra.*

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

BREWER, P. J.

Armstrong, J., dissenting.

**BREWER, P. J.**

Petitioner has filed a motion for a delayed appeal from a judgment denying his petition for post-conviction relief. He asserts that his post-conviction counsel's (counsel) failure to file a timely notice of appeal violated his statutory right to suitable counsel. ORS 138.590. He argues that the reasoning of *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990), in which the Supreme Court created a remedy for the violation of a statutory right to adequate counsel in termination of parental rights proceedings, should be extended to the statutory right to suitable counsel in post-conviction proceedings. Petitioner also relies on *State ex rel SOSCF v. Hammons*, 169 Or App 589, 10 P3d 310 (2000), in which, based on *Geist*, we held that a parent whose appointed counsel failed to file a timely notice of appeal from a termination judgment was entitled to a delayed appeal as a remedy for inadequate assistance of counsel. For the reasons set forth below, we decline to extend the rationale of *Geist* and *Hammons* to this proceeding, and we deny the motion for delayed appeal.

Petitioner was convicted of two counts of murder. He filed a petition for post-conviction relief, asserting that several errors, including inadequate assistance of criminal trial counsel, resulted in his conviction. On July 24, 2000, the post-conviction trial court entered a judgment denying relief. ORCP 70 B required the court clerk to send notice of entry of the judgment to both parties.[1] However, the trial court administrator notified only the Attorney General's office that the judgment was entered and did not notify petitioner or petitioner's attorney. On September 21, unaware that a judgment had been entered, counsel filed a notice pursuant to UTCR 2.030, reminding the court that the case had been under advisement for more than 60 days. Shortly thereafter, counsel learned that a judgment had, in fact, been entered

---

[1] ORCP 70 B provides, in part:

"The clerk, on the date judgment is entered, shall mail a notice of the date of entry of the judgment in the register and shall mail a copy of the entry in the judgment docket. * * * The clerk shall mail the notice to the attorneys of record, if any, of each party who is not in default for failure to appear."

and then notified petitioner of that fact. On October 18, petitioner sent a *pro se* notice of appeal to this court. On October 20, counsel mailed to this court both a notice of appeal and a motion for a delayed appeal. Petitioner then filed a request with the trial court for appellate counsel on October 23. On November 6, the trial court appointed appellate counsel for petitioner but appellate counsel was unaware of the appointment until January 8, 2001, when he received a letter from petitioner. On January 26, appellate counsel filed an amended notice of appeal and a more detailed motion for delayed appeal.

Defendant opposes the motion, arguing that in *Felkel v. Thompson*, 157 Or App 218, 970 P2d 657 (1998), this court determined that ORS 138.650 imposes, without exception, a 30-day time limit for filing a notice of appeal from a judgment denying post-conviction relief. Petitioner argues that he is entitled to a delayed appeal, despite *Felkel*, because his counsel was unsuitable for failing to file a timely notice of appeal.[2] Defendant responds that we should not create a delayed appeal remedy for any alleged violation of petitioner's statutory right to suitable counsel in this case.

■ In *Felkel*, we dispensed with a former practice of allowing post-conviction petitioners to file a late notice of appeal based on a showing of good cause. In following our previous practice,[3] we had relied on ORS 138.071(4)(a),[4]

---

[2] A linchpin of petitioner's reliance on *Geist* and *Hammons* is the assumption that counsel's failure to file a timely notice of appeal constituted unsuitable representation. Counsel appears to have relied on ORCP 70 B by waiting to receive notice from the court clerk that a judgment had been entered. For reasons explained below, we need not decide whether, under those circumstances, counsel's performance was inadequate as a matter of law. However, we expressly disapprove of any failure to provide notice of the entry of judgment to all parties who are entitled to notice under ORCP 70 B.

[3] That practice had developed in connection with the issuance of unpublished orders in prior cases.

[4] ORS 138.071(4)(a) provides:

"Upon motion of a defendant, the Court of Appeals shall grant the defendant leave to file a notice of appeal after the time limits described in subsections (1) to (3) of this section if:

"(A) The defendant, by clear and convincing evidence, shows that the failure to file a timely notice of appeal is not attributable to the defendant personally; and

which provides for delayed appeals in criminal cases. We had also relied on ORS 138.650, which provides:

> "Either the petitioner or the defendant may appeal to the Court of Appeals within 30 days after the entry of final judgment on a petition [for post-conviction relief] pursuant to ORS 138.510 to 138.680. The manner of taking the appeal and the scope of review by the Court of Appeals and the Supreme Court shall be the same as that provided by law for appeals in criminal actions * * *."

We had read ORS 138.071(4)(a) and ORS 138.650 together, concluding that delayed appeals were equally permissible in criminal and post-conviction cases.

In *Felkel*, we held that the delayed appeal provision of ORS 138.071(4)(a) related to the *time, not the manner*, of perfecting an appeal, and therefore did not apply to post-conviction proceedings under ORS 138.650. 157 Or App at 221-22. As a result, we concluded "that ORS 138.650 requires, *without exception*, that appeals from post-conviction judgments be filed and served within 30 days of entry of the final judgment." *Id.* at 223 (emphasis added). Although *Felkel* does inform our inquiry, we agree with petitioner that it is not dispositive. Our decision there did not involve an allegation of unsuitable representation by counsel. Thus, we did not consider whether the petitioner had an implied right to a delayed appeal in order to vindicate his statutory right to suitable counsel.

As noted, petitioner relies on *Geist*, where, on direct appeal, the mother argued that her trial counsel was inadequate. The mother's attorney had been appointed pursuant to *former* ORS 419.525(2), *repealed by* Or Laws 1993, ch 33, § 373, which provided that "[i]f the parents are determined to be indigent by the court, and request the assistance of appointed counsel, the court shall appoint an attorney to represent them at state expense."[5] The court held that *former*

---

"(B) The defendant shows a colorable claim of error in the proceeding from which the appeal is taken."

[5] ORS 419.525 was repealed, Or Laws 1993, ch 33, § 373, and the legislature added ORS 419B.518, which provides for the appointment of counsel, using the same language as *former* ORS 419.525(2). This change did not affect the holding of *Geist*. *See Hunt v. Weiss*, 169 Or App 317, 321 & n 3, 8 P3d 990 (2000) (holding that pare. ... parental termination proceeding is entitled to counsel under ORS

ORS 419.525(2) implicitly provided for the appointment of adequate counsel. *Geist*, 310 Or at 185. The court further held that in the absence of "an express legislative procedure for vindicating the statutory right to adequate counsel, this court may fashion an appropriate remedy" for its violation. *Id.* at 185.[6] The court concluded that the appropriate procedure for challenging inadequate counsel in a parental rights termination proceeding was to raise the issue on direct appeal from the termination judgment. *Id.* at 187.

In *Hammons*, we considered the reach of the holding in *Geist*. There, a mother filed a motion for leave to file a notice of appeal from a judgment terminating her parental rights after the expiration of all statutory deadlines.[7] The mother alleged that her former attorney was inadequate in failing to file a timely notice of appeal. We recognized that, under *Geist*, the mother's remedy for inadequate assistance of counsel was review on direct appeal. However, that remedy would have been unworkable in *Hammons* because counsel's failure to timely file a notice of appeal nullified the mother's statutory appeal rights. We declined to leave the mother remediless, concluding that "[w]here the alleged inadequacy of counsel resulted in an untimely appeal, the obvious remedy, and the only remedy suggested by the parties in this case, is permitting mother to pursue a delayed appeal from the order terminating her parental rights." *Hammons*, 169 Or App at 594. Accordingly, we allowed a delayed appeal even though the mother's motion was filed after the ultimate 90-day time limit for *pro se* appellants had expired and the statute did not expressly provide for a delayed appeal for parties who are represented by counsel.

Petitioner argues that *Hammons* is controlling here because it furnishes precedent for the implication of a

---

419B.518, noting that ORS 419B.518 provides the same right as *former* ORS 419.525(2)).

[6] The court did not reach the mother's "Fourteenth Amendment due process claim that the state must provide a remedy to vindicate her right to adequate counsel." *Id.* at 187 n 12.

[7] ORS 419A.200(3)(c) generally requires the filing of a notice of appeal within 30 days after entry of a termination judgment, but ORS 419A.200(4)(c) permits, under specified circumstances, delayed appeals up to 90 days after the entry of judgment for *pro se* petitioners.

delayed appeal right in cases where there is no such express statutory right. Petitioner asserts that, although they involved termination of parental rights proceedings, the reasoning of *Hammons* and *Geist* should be extended to post-conviction proceedings. Defendant replies that differences in the nature of post-conviction and termination proceedings make those cases inapposite here. To resolve the parties' dispute, we must first examine the source of the right to counsel in post-conviction proceedings.

ORS 138.590 governs the appointment of trial counsel for indigent petitioners in post-conviction proceedings. ORS 138.590(1) provides:

> "Any petitioner who is unable to pay the expenses of a proceeding pursuant to ORS 138.510 to 138.680 or to employ suitable counsel possessing skills and experience commensurate with the nature of the conviction and complexity of the case for such a proceeding may proceed as an indigent person pursuant to this section upon order of the circuit court in which the petition is filed."

If the petitioner is indigent, "the circuit court shall appoint suitable counsel to represent petitioner. Counsel so appointed shall represent petitioner throughout the proceedings in the circuit court." ORS 138.590(4). The right to appellate counsel in both direct criminal appeals and post-conviction appeals is provided by ORS 138.500(1):

> "If a defendant in a criminal action or a petitioner in a proceeding pursuant to ORS 138.510 to 138.680 [the Post-Conviction Hearing Act] wishes to appeal from an appealable adverse final order or judgment of a circuit court and if the person is without funds to employ suitable counsel possessing skills and experience commensurate with the nature and complexity of the case for the appeal, the person may request the circuit court from which the appeal is or would be taken to appoint counsel to represent the person on appeal."

Several appellate decisions have examined the nature and limits of the statutory right to suitable counsel in post-conviction proceedings. *McClure v. Maass*, 110 Or App

119, 821 P2d 1105 (1991), *rev den* 313 Or 74 (1992), for example, demonstrates that the petitioner in a post-conviction proceeding personally bears the responsibility for presenting all relevant issues to the court. In *McClure*, the plaintiff in a habeas corpus proceeding alleged that he was denied adequate assistance of counsel in his criminal trial and in an initial post-conviction proceeding. The plaintiff had also filed a second petition for post-conviction relief, arguing that his first post-conviction counsel was inadequate because he had failed to raise relevant issues. The trial court had dismissed the petition in the second post-conviction proceeding for failure to state a claim for relief. The plaintiff then filed a petition for *habeas corpus* relief, alleging that his counsel in the first post-conviction proceeding was inadequate. *Id.* at 122. We affirmed the dismissal of that action. We acknowledged that ORS 138.590 provides for the appointment of "suitable counsel" in post-conviction proceedings, but we reasoned that "post-conviction counsel is not obligated to scour the record to unearth every conceivable challenge to the lawfulness of the petitioner's conviction or sentence. The responsibility for discerning and selecting the issues for litigation rests with the petitioner." *Id.* at 124. Although *McClure* involved a collateral attack on, rather than a direct appeal of, a judgment denying post-conviction relief, it makes clear that the ultimate responsibility for prosecuting the proceeding lies with the petitioner, not with counsel.

Additional case law demonstrates that the adequacy of post-conviction counsel may not be challenged in a later post-conviction proceeding. In *Hetrick v. Keeney*, 77 Or App 506, 713 P2d 688, *rev den* 300 Or 722 (1986), this court held that "[t]he grounds for post-conviction relief are found in ORS 138.530(1). * * * The alleged inadequacy of prior post-conviction counsel is not one of the enumerated grounds. Therefore, petitioner is not entitled to post-conviction relief." *Id.* at 507. In *Page v. Cupp*, 78 Or App 520, 523, 717 P2d 1183, *rev den* 301 Or 338 (1986), this court noted that ORS 138.590 provides for the appointment of "suitable" counsel but nevertheless reaffirmed that any right to counsel cannot be vindicated in later litigation. *Id.* at 523 & n 2. In reaching that conclusion, the court relied, in part, on *Church v. Gladden*, 244 Or 308, 311, 417 P2d 993 (1966). In *Church*, the Supreme Court

explained that, if a remedy were to exist for inadequacy of counsel in second-tier proceedings,

> "it is absolutely impossible that there be any finality to this type of litigation. In each successive post-conviction proceeding all a petitioner need do is allege that his attorneys in each of his previous proceedings were unfaithful to their trust, and the door is opened wide to relitigate *ad infinitum." Id.*

Petitioner's argument that he is entitled to a delayed appeal is difficult to reconcile with the decisions in *Church*, *Page*, and *Hetrick*. Counsel's failure to perfect an appeal from a judgment denying relief is not different, in practical effect, from any other form of inadequate assistance rendered during the course of post-conviction litigation. There is no principled basis for distinguishing between inadequate post-conviction counsel who fails to raise critical errors committed by criminal trial counsel that would have entitled the petitioner to post-conviction relief and inadequate post-conviction counsel who fails to file a timely appeal from a judgment denying post-conviction relief.[8]

■ The foregoing decisions reveal fundamental differences between the nature of termination of parental rights and post-conviction proceedings, differences that make the rules announced in *Geist* and *Hammons* inapplicable here. In a termination proceeding, the state initiates an action against a parent to deprive the parent of a substantial interest: *the right to be a parent*. The direct assault on that right requires that the finality sought by the state be achieved, if at all, in a manner that is "consistent with due process." *Geist*, 310 Or at 186. In that regard, termination proceedings are analogous to criminal prosecutions, where defendants also have a right to a delayed appeal when criminal trial counsel fails to file a timely notice of appeal. ORS 138.071(4)(a). *See also Shipman v. Gladden*, 253 Or 192, 453 P2d 921 (1969) (holding, prior to enactment of ORS 138.071(4)(a), that, based on due process considerations, petitioner was entitled to a delayed *criminal* appeal where his criminal trial counsel failed to file a timely appeal). A post-conviction proceeding,

---

[8] The dissent disagrees but offers no persuasive rationale for treating unsuitable representation rendered in those contexts differently.

on the other hand, is a collateral action initiated by the petitioner after a criminal conviction already has deprived the petitioner of a liberty interest. We recently acknowledged the importance of that distinction in *Elkins v. Thompson*, 174 Or App 307, 25 P3d 376 (2001), where a post-conviction petitioner argued that *Geist* governed his claim that he was entitled to a hearing on his request for substitute counsel. In rejecting the petitioner's argument, we explained:

> "[U]nlike a proceeding for termination of parental rights, in which the state brings the direct weight of its power to bear on parents who risk losing the fundamental right of parenthood, petitioner has been convicted of a crime in an underlying proceeding. In contrast to the challenge of the defending parent in *Geist*, petitioner's motion did not address the performance of counsel in the underlying proceeding that resulted in a deprivation of his liberty interests. Here, unlike in the criminal proceeding, petitioner is the party who is ultimately responsible for prosecuting the action. In sum, this is a collateral civil proceeding, in which *petitioner* is the party seeking relief. The *Geist* rationale is not controlling here merely because petitioner, like the parent in *Geist*, also has a statutory right to suitable counsel." *Id.* at 315-16 (emphasis in original; citations omitted).

The dissent's failure to recognize this fundamental difference leads it, erroneously in our view, to conclude that the reasoning of *Geist* is controlling in this case. The only question for decision in this case, as framed by petitioner, is whether this court should create, by implication, a remedy that the legislature has not expressly provided for the violation of a statutory right in a collateral proceeding.

*PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), decided after *Geist*, provides a structured methodology for statutory construction, which at the first level, requires construction based upon statutory text and context. Simply put, there is no textual or contextual support for the existence of a delayed appeal right for post-conviction petitioners arising from ORS 138.590(1).[9] The

---

[9] As the dissent notes, we followed the reasoning of *Geist* in *Hammons*. We also applied the *Geist* principle in *State ex rel Juv. Dept. v. Balderas*, 172 Or App 223, 18 P3d 434 (2001), a juvenile delinquency case. However, both *Hammons* and *Balderas* involved primary actions against individuals whose liberty interests were directly at stake. They are not applicable here.

statute's context, in fact, suggests that the legislature did not intend to create such a remedy. By enacting ORS 138.071(4)(a), the legislature provided a statutory remedy for the inadequacy of counsel who fails to timely perfect a *criminal* appeal. However, it has not provided *any* statutory mechanism for review of the adequacy of counsel in a post-conviction proceeding, let alone a delayed appeal remedy in the case of counsel's failure to perfect an appeal. The express legislative creation of a review procedure, in general, and a delayed appeal remedy, in particular, only for inadequate representation in criminal proceedings, strongly suggests that the legislature did not intend to provide a delayed appeal remedy for inadequacy of post-conviction counsel. *See PGE* (stating that, in construing a statute, the inquiry into its context includes other related statutes); *Orr v. City of Eugene*, 151 Or App 541, 545, 950 P2d 397 (1997) (rejecting implication of statutory term where exploration of other statutes discloses that legislature knows how to unambiguously express such a term). Against that background, we decline to imply a statutory right to a delayed appeal as a remedy for the alleged inadequacy of post-conviction counsel in failing to file a timely notice of appeal. We are not called upon to determine whether petitioner is entitled to relief on any other ground.

Motion for delayed appeal denied; appeal dismissed.

**ARMSTRONG, J.,** dissenting.

Oregon statutes provide for the appointment of counsel for indigent litigants in a variety of proceedings, including post-conviction proceedings. In every case before this one, Oregon courts have held that the statutory right to appointed counsel includes the right to have appointed counsel provide adequate representation. Furthermore, in every case before this one in which the legislature failed to provide a specific procedure to vindicate that right, Oregon courts have held that the remedy for inadequate representation by appointed counsel is to permit the litigants to challenge the adequacy of their appointed counsel in the proceeding in which counsel appeared. The majority concludes, however, that post-conviction proceedings are different from all of other proceedings involving appointed counsel. That difference leads the majority to deny post-conviction plaintiffs any

meaningful remedy for the failure of their appointed counsel to provide adequate representation. I respectfully dissent from that decision.

*State ex rel Juv. Dept v. Geist*, 310 Or 176, 796 P2d 1193 (1990), is the first case in which an Oregon court held that a statutory right to appointed counsel includes a right to adequate representation by that counsel. *Geist* involved a proceeding in which the state sought to terminate a mother's parental rights. The mother was indigent, so, by statute, she was entitled to have, and did have, court-appointed counsel at trial and on appeal in the proceeding. The trial resulted in a decision terminating the mother's parental rights, and she appealed that decision to us.

The mother argued on appeal that her appointed trial counsel had provided inadequate legal representation and, as a consequence, that the termination decision should be reversed. We agreed with the mother that the statutory right to appointed counsel included a right to adequate counsel, but we concluded that the legislature had failed to create a means by which to vindicate that right and that we lacked the authority to create one. We therefore held that the mother could not use the alleged inadequacy of her trial counsel as a basis to reverse the termination decision. *State ex rel Juv. Dept. v. Geist*, 97 Or App 10, 17-18, 775 P2d 843 (1989).

On review, the Supreme Court readily agreed with us that the statutory right to appointed counsel included a right to adequate counsel. It disagreed, however, with our conclusion that the legislature's failure to provide a remedy to vindicate that right meant that we lacked authority to provide one:

"We reject the notion that, although mandating the appointment of trial counsel for indigent parents, the legislature intended that no procedure be available to vindicate that statutory right. Absent an express prohibition against challenges of adequacy of appointed counsel, we do not interpret the legislature's omission of an express procedure as evidencing any legislative intent to preclude such challenges. Absent an express legislative procedure for vindicating the statutory right to adequate counsel, this court may fashion an appropriate procedure."

*Geist*, 310 Or at 185 (footnote omitted). The court went on to conclude that the appropriate procedure by which to challenge the adequacy of appointed trial counsel was to raise the issue on direct appeal in the termination proceeding. *Id.* at 186-87.

Since *Geist*, we have consistently held that statutes that give indigent litigants a right to appointed counsel include as an aspect of that right a right to adequate counsel.[1] The majority does not appear to question the application of that principle to the statute at issue in this case, ORS 138.590. There are at least two reasons why I doubt that it could.

First, ORS 138.590 and the comparable statute governing appointment of appellate counsel in criminal and post-conviction proceedings, ORS 138.500, both provide for the appointment of "suitable counsel possessing skills and experience commensurate with the nature" of the cases for which they are appointed.[2] Given the comparatively low

---

[1] *See, e.g., State ex rel Juv. Dept. v. Balderas*, 172 Or App 223, 227-28, 18 P3d 434 (2001); *State ex rel Juv. Dept. v. Charles/Austin*, 106 Or App 628, 633-34, 810 P2d 389 (1991).

[2] ORS 138.590 provides, as relevant:

"(1) Any petitioner who is unable to pay the expenses of a proceeding pursuant to ORS 138.510 to 138.680 or to employ suitable counsel possessing skills and experience commensurate with the nature of the conviction and complexity of the case for such a proceeding may proceed as an indigent person pursuant to this section upon order of the circuit court in which the petition is filed.

"* * * * *

"(4) In the order to proceed as an indigent person, the circuit court shall appoint suitable counsel to represent petitioner. Counsel so appointed shall represent petitioner throughout the proceedings in the circuit court."

ORS 138.500 provides, as relevant:

"(1) If a defendant in a criminal action or a petitioner in a proceeding pursuant to ORS 138.510 to 138.680 wishes to appeal from an appealable adverse final order or judgment of a circuit court and if the person is without funds to employ suitable counsel possessing skills and experience commensurate with the nature and complexity of the case for the appeal, the person may request the circuit court from which the appeal is or would be taken to appoint counsel to represent the person on appeal. * * *

"* * * * *

"(b) If, based upon a request under paragraph (a) of this subsection, the court finds that petitioner or defendant previously received the services of appointed counsel or currently is without funds to employ suitable counsel for an appeal, the court shall appoint counsel to represent petitioner or defendant

standard that counsel must meet to be considered adequate, I do not see how counsel who fail to meet that standard could be considered to meet the suitability standard specified in the statutes.

Second, the legislature adopted the Post-Conviction Hearing Act in 1959 to create a state procedure that would provide an effective means by which people convicted of crimes could obtain relief against constitutionally flawed convictions. The legislature intended the act to provide effective relief against such convictions because it believed (1) that the federal constitution required the state to provide an effective post-conviction remedy for such convictions, (2) that state post-conviction relief would be preferable to federal post-conviction relief, and (3) that it was fair to people convicted of crimes to provide them with such relief.[3]

The act included provisions for the appointment of counsel in post-conviction proceedings because the legislature believed that representation of indigent post-conviction plaintiffs by counsel was essential for the act to achieve its intended purposes.[4] In that light, there can be little doubt that the legislature intended that appointed counsel in such proceedings be adequate counsel.

Because the right to appointed counsel under ORS 138.590 includes the right to adequate counsel, the determinative issue is whether there is a way to enforce that right in this case. The majority concludes that there is not. It offers several reasons to support that conclusion, none of which withstands examination.

The majority principally relies on a series of cases that have rejected efforts to challenge the adequacy of appointed post-conviction counsel in proceedings that are filed *after* the conclusion of the post-conviction proceeding in which counsel performed inadequately. *Church v. Gladden,*

_____

on the appeal, subject to applicable contracts entered into by the State Court Administrator under ORS 151.460."

[3] *See* Jack G. Collins and Carl R. Neil, *The Postconviction-Hearing Act,* 39 Or L Rev 337, 337-40, 343-47, 350-51, 355-59, 364-65 (1960); *Shipman v. Gladden,* 253 Or 191, 203-04, 453 P2d 921 (1969).

[4] *See* ORS 138.500; ORS 138.590; Collins and Neil, *The Postconviction-Hearing Act,* 39 Or L Rev at 350-51, 364-66.

244 Or 308, 417 P2d 993 (1966), is one of those cases. It involved a post-conviction proceeding in which the plaintiff challenged the adequacy of his appointed counsel in a prior post-conviction proceeding. The court rejected that effort, explaining that, if it were to permit such a challenge,

> "it is absolutely impossible that there be any finality to this type of litigation. In each successive post-conviction proceeding all a petitioner need do is allege that his attorneys in each of his previous proceedings were unfaithful to their trust, and the door is opened wide to relitigate *ad infinitum.*"

*Id.* at 311.[5]

Of course, as the majority recognizes, *Church* and its progeny do not directly apply to this case, which involves an effort to address the inadequacy of appointed counsel in the proceeding in which the inadequate representation occurred. The majority appears to reason, however, that complete relief against inadequate assistance by appointed post-conviction counsel can be achieved only by allowing the issue of inadequate representation to be raised in proceedings *after* the post-conviction proceedings in which the inadequate representation occurred. *Church* and its progeny confirm that the legislature did not intend to permit that, so it follows that the legislature did not intend for post-conviction plaintiffs to be able to raise the issue of inadequate representation in the post-conviction proceedings in which the inadequate representation occurred. *See* 176 Or App at 508.

So stated, the majority's reasoning is obviously fallacious. A legislative decision to deny one form of relief against inadequate assistance of appointed counsel does not imply a decision to deny all relief. Furthermore, the majority's reasoning cannot be reconciled with what the Supreme Court did in *Geist*. The court recognized in *Geist* that termination proceedings must be brought to a prompt and final resolution. Consequently, it rejected the use of a procedure to vindicate the statutory right of parents to adequate

---

[5] The other cases that have followed *Church* are *McClure v. Maass*, 110 Or App 119, 821 P2d 1105 (1991), *rev den* 313 Or 74 (1992); *Page v. Cupp*, 78 Or App 520, 717 P2d 1183, *rev den* 301 Or 338 (1986); and *Hetrick v. Keeney*, 77 Or App 506, 713 P2d 688, *rev den* 300 Or 722 (1986).

appointed counsel that would allow parents to challenge the adequacy of their counsel in proceedings *after* the termination proceedings in which counsel provided inadequate assistance. *Geist*, 310 Or at 186-87. By rejecting the use of subsequent proceedings to raise issues about the adequacy of appointed termination counsel, the court necessarily limited the ability of parents to challenge the adequacy of their appointed counsel, because only the most obvious instances of inadequate representation are likely to be identified and raised on direct appeal from a termination decision. Nevertheless, the court believed that it was appropriate to give parents that limited remedy for the violation of their statutory right to adequate appointed counsel rather than leave them with no remedy for the violation. *Id.*

*Church* and its progeny simply do what the court did in *Geist*. They reject the use of *subsequent* proceedings to vindicate a statutory right to adequate appointed counsel. That rejection should lead, as it did in *Geist*, to the recognition of a remedy by post-conviction plaintiffs to challenge the adequacy of their appointed counsel in the post-conviction proceedings in which counsel provided inadequate assistance. Although the remedy is a limited one, *Geist* and its progeny support its adoption, and nothing in *Church* and its progeny requires us to reject it.

The other reasons offered by the majority for its decision to reject a remedy for the denial of adequate assistance of appointed post-conviction counsel provide even less support for it. It notes that the cases in which courts have provided a remedy for violation of a statutory right to adequate appointed counsel have involved situations in which the state is seeking relief against the party who is entitled to appointed counsel, while a post-conviction proceeding is one in which the party who is entitled to adequate appointed counsel is seeking relief against the state. 176 Or App at 508-09. There is that difference, but it suggests nothing about whether there should be a remedy for violations of the statutory right to counsel in post-conviction proceedings. As noted above, the legislature adopted the Post-Conviction Hearing Act in 1959 to fulfill a constitutional obligation that the state

had to provide effective post-conviction relief to people convicted of crimes. The legislature provided for the appointment of adequate counsel for post-conviction plaintiffs in order to ensure that the act fulfilled its purposes. There is no reason to think that the legislature had any less interest in providing an appropriate remedy by which to vindicate the statutory right to appointed counsel in post-conviction proceedings than it had in providing such a remedy for people who are entitled to appointed counsel in other proceedings.

Finally, the majority notes that the legislature has provided by statute for delayed appeals in criminal cases but not in post-conviction cases, which, according to the majority, suggests that the legislature does not intend for there to be delayed appeals in post-conviction proceedings. Because that is the relief that plaintiff seeks in this case as a remedy for the failure of his appointed post-conviction counsel to file a timely appeal, the majority concludes that we should not imply a right to obtain such relief in a post-conviction proceeding. 176 Or App at 509. The creation of a right to a delayed appeal in criminal cases implies no such thing.

Before the legislature adopted the statute authorizing delayed appeals in criminal cases, criminal defendants could and did obtain that relief through post-conviction proceedings.[6] The legislature decided to simplify the process by creating a limited right to pursue a delayed criminal appeal, thereby reducing the need for criminal defendants to rely on post-conviction proceedings for that relief.[7] The decision to create a simplified procedure to reduce one source of post-conviction claims implies nothing about whether the legislature intends there to be a remedy for failure by post-conviction counsel to file a timely appeal in post-conviction proceedings.

If it did, it means that we erred in *State ex rel SOSCF v. Hammons*, 169 Or App 589, 10 P3d 310 (2000), in granting a delayed appeal to a mother in a parental rights termination case. We granted that relief as a remedy for the

---

[6] *See, e.g., Shipman*, 253 Or at 195, 203-04.

[7] *See* Or Laws 1987, ch 852, § 1 (codified at ORS 138.071(4)).

failure by the mother's appointed counsel to provide adequate assistance to her by filing a timely notice of appeal. We did that even though there is a statute that provides for delayed appeals in termination cases by parents who are *unrepresented* by counsel. *Id.* at 593-94. If, as the majority concludes here, a legislative decision to provide delayed appeals in criminal cases implies a decision not to make that remedy available to post-conviction plaintiffs, the legislative decision to make delayed appeals available to unrepresented parents in termination cases implies a decision not to make that remedy available to parents represented by appointed counsel. Of course, I have no difficulty reconciling *Hammons* with this case, because I believe that the existence of a statutory right to a delayed appeal in some criminal cases implies nothing about our ability to provide a delayed appeal as a remedy for appointed counsel's failure to file a timely post-conviction appeal.

Because I disagree with the majority's decision to deny a post-conviction plaintiff any remedy for his appointed counsel's failure to provide adequate legal assistance, I must resolve whether counsel's failure to file a timely notice of appeal in this case constituted inadequate assistance that would entitle plaintiff to relief. I have no difficulty concluding that it did.

Appointed counsel's failure to file a timely notice of appeal in this case is attributable, in part, to the trial court clerk's failure to send that counsel a notice of the entry of the judgment, as required by ORCP 70 B(1).[8] The question, then, is whether the trial court clerk's failure to send the required notice excuses counsel's failure to file a timely notice of appeal.

---

[8] ORCP 70 B(1) provides, as relevant:

"All judgments shall be filed and notation of the filing shall be entered in the register by the clerk. The clerk, on the date the judgment is entered, shall mail a notice of the entry of the judgment in the register and shall mail a copy of the entry in the judgment docket. If the judgment was not docketed in the judgment docket, the clerk shall give notice of that fact. The clerk shall mail the notice to the attorneys of record, if any, of each party who is not in default for failure to appear. If a party who is not in default for failure to appear does not have an attorney of record, such notice shall be mailed to the party. The clerk shall also make a note in the register of the mailing."

Case law is clear that it does not. In *Far West Landscaping v. Modern Merchandising*, 287 Or 653, 656-57, 601 P2d 1237 (1979), the court compiled cases from 1899 through 1926 in which the court had held that a party (or counsel for a party) seeking to appeal a judgment is personally responsible for inspecting the trial court's records to determine whether the judgment has been entered and that a party (or counsel) may not rely on information from court staff about the entry of the judgment. Similarly, after the adoption of ORCP 70 B, which imposes an affirmative duty on trial court clerks to give parties notice of the entry of a judgment, we held that a clerk's breach of that duty does not excuse the untimely filing of a notice of appeal. *Junction City Water Control v. Elliott*, 65 Or App 548, 550-52, 672 P2d 59 (1983).

I take judicial notice of the fact that any member of the public with appropriate computer facilities, including attorneys, may subscribe to the Oregon Judicial Information Network (OJIN), the computer system that serves as the case register for every state court in Oregon. Any OJIN subscriber can personally and at any time view the case register for any state case and determine whether a judgment has been entered in it. Given that the law in this area has been settled since 1899 and has been reaffirmed periodically, including as recently as 1983, there is no question that counsel provided inadequate assistance to plaintiff in this case by failing to determine that a judgment had been entered in the case and, consequently, by failing to file a timely notice of appeal.

In summary, the majority errs by concluding that we lack authority to provide plaintiff with a delayed appeal in this case as a remedy for appointed counsel's failure to provide adequate assistance to plaintiff by filing a timely notice of appeal. Because I cannot join in that error, I respectfully dissent.