Argued and submitted July 11, remanded for entry of findings October 3, 2001

In the Matter of
Curtis Jones, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Curtis JONES,
*Appellant.*

9611-83279; A106772

33 P3d 373

Peter Miller argued the cause and file the brief for appellant.

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Youth appeals an adjudication that he committed acts that, if he were an adult, would constitute the crime of sexual abuse in the third degree. ORS 163.415. He argues that the evidence is insufficient to find beyond a reasonable doubt that he sexually abused the victim.

Youth also argues that he received inadequate assistance of his trial counsel in the adjudication hearing. In *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 192 n 16, 796 P2d 1193 (1990), the Supreme Court suggested a procedure for dealing with claims of inadequate assistance of counsel in parental termination cases. In *State ex rel Juv. Dept. v. Balderas*, 172 Or App 223, 227-28, 18 P3d 434 (2001), we treated *Geist* as applying to juvenile delinquency proceedings. Those cases require youth to make a threshold showing of specific allegations that support the claim of inadequate assistance, including the names of witnesses to be called, the anticipated substance of their testimony, and an explanation of how the testimony would demonstrate inadequate assistance of counsel. In *Geist*, the court suggested that, once the party makes such a showing, we should remand to the trial court to develop the record regarding those allegations.

Youth has made such a showing in this case. We therefore remand the case to the trial court to take evidence and enter appropriate findings on the issues that he has raised. Those findings and the transcript of any hearing will become part of the record on appeal. The parties will have 30 days after the transcript is settled to file supplemental memoranda in this court on the issue of the adequacy of youth's trial counsel.[1]

Remanded for entry of findings on adequacy of youth's trial counsel.

---

[1] The state argues that the adoption of Or Laws 2001, chapter 803, provides an alternative way to raise these issues and makes a remand unnecessary. Because it is unclear whether the statute applies to this case, we adhere to the *Geist* procedure.