945 P.2d 543 (1997)
149 Or. App. 631
In the Matter of Joaquin Caro, a Minor Child.
STATE ex rel. JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, Respondent,
v.
Joaquin CARO, Appellant.
9109-82729; CA A96933.
Court of Appeals of Oregon.
September 10, 1997.
Before LANDAU, P.J., and HASELTON and ARMSTRONG, JJ.
LANDAU, Presiding Judge.
This matter arises on the court's own motion to dismiss on the ground that the notice of appeal was not timely filed. Appellant was found to be within the jurisdiction of the Multnomah County Juvenile Justice Court, and the court entered a "Judgment Adjudicating Delinquency Petition" on March 9, 1997. The judgment states that appellant was represented by counsel. This court received a notice of appeal 31 days later, on April 9, 1997. We issued an order to show cause why the appeal should not be dismissed as untimely. In response, appellant submitted an affidavit of his appellate counsel, in which counsel explained that a staff member of his firm deposited the notice of appeal in the regular mail on April 7, 1997. Counsel further explained that it is his firm's practice to send notices of appeal by certified mail, return receipt requested, but that, for reasons unknown, the practice was not followed in this case.
ORS 419A.200(3) provides that an appeal from a judgment entered in a juvenile court proceeding may be taken by filing a notice of appeal in the form prescribed by ORS 19.029 within 30 days of the entry of the judgment. The statute affords an exception to the 30-day deadline:
"Upon motion of a person, other than the state, entitled to appeal * * * if the person was not represented by counsel in the proceeding from which the appeal is being taken, the appellate court shall grant *544 the person leave to file a notice of appeal after the time limits described in subsection (3) of this section if the person shows a colorable claim of error in the proceeding from which the appeal is taken."
ORS 419A.200(4)(a). ORS 19.028 provides that the filing of a notice of appeal may be accomplished by mail. Under that statutory provision, the date of filing is the date of mailing, but only if the notice
"is mailed by registered or certified mail and the party filing the notice has proof from the post office of such mailing date. Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken. If the notice is received by the court on or before the date by which such notice is required to be filed, the party filing the notice is not required to file proof of mailing."
ORS 19.028(1).
In this case, appellant mailed the notice of appeal on the 29th day following the entry of the judgment. The notice was received, however, on the 31st day after the entry of the judgment. Accordingly, under ORS 19.028(1), appellant is required to file proof of mailing by registered or certified mail. Appellant did not do that.
ORS 419A.200(4)(a) does not save the appeal. Although the statute authorizes leave to file a notice of appeal after the statutory deadline "if the [appellant] was not represented by counsel in the proceeding from which the appeal is being taken," the judgment in this case states that appellant was represented by counsel below. Thus, ORS 419A.200(4)(a) does not apply, and appellant's appeal is untimely.
We note that the result might be different were appellant an adult. Under ORS 138.071(4), this court must grant an adult criminal defendantincluding one who is represented by counselleave to file a notice of appeal after the 30-day limit if the defendant demonstrates colorable error and shows that the failure to file a timely notice was not attributable to the defendant personally. That statute does not apply to juveniles. Appellant makes no argument regarding the lawfulness of that difference in treatment between similarly situated adult and juvenile appellants.
Appeal dismissed.