On State's Motion to Dismiss and Response in Opposition to Appellant's Motion for Extension of Time to File Notice of Appeal, filed February 18, Appellant's Memorandum in Opposition to Motion to Dismiss, filed May 4, and State's Response to Appellant's Memorandum in Opposition to Motion to Dismiss, filed June 14, motion to dismiss denied; mother's delayed appeal allowed September 6, 2000

In the Matter of
Rene Deloris Hammons, Jr., a Minor Child.

STATE ex rel STATE OFFICE FOR
SERVICES TO CHILDREN AND FAMILIES,
Rene Deloris Hammons, Jr.,
and David Hammons,
*Respondents,*

*v.*

Rene Deloris HAMMONS,
*Appellant.*

(97-70045; CA A109006)

10 P3d 310

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Michael C. Livingston, Assistant Attorney General, for motion.

Harrison Latto, *contra*.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Mother seeks to appeal from a judgment terminating her parental rights. The state has moved to dismiss mother's appeal as untimely. As explained below, we conclude that mother's court-appointed counsel provided inadequate assistance in filing mother's appeal and therefore conclude that mother is entitled to a delayed appeal. We deny the state's motion to dismiss and allow mother's motion for a delayed appeal.

On October 18, 1999, the trial court entered a judgment terminating mother's parental rights to her daughter. On November 22, 1999, mother's trial counsel wrote to the trial court that he had not yet received the judgment terminating mother's rights, that mother would like to appeal, and that counsel did "not have time to do the Notice or handle the appeal so I request that you appoint someone." On December 1, 1999, the trial court appointed appellate counsel for mother. On January 19, 2000, mother's new counsel moved for leave to file a notice of appeal pursuant to ORS 419A.200(4).[1] On February 18, 2000, the state moved to dismiss mother's appeal on the ground that it was untimely and that she failed to meet the criteria for a delayed appeal found in ORS 419A.200(4). This court denied mother's motion on the ground that the motion was filed more than 90 days after the date of entry of the judgment, that the motion did not show a colorable claim of error in the proceedings being

---

[1] ORS 419A.200(3)(c) provides that a notice of appeal shall be filed within 30 days after entry of an order terminating parental rights. ORS 419A.200(4) provides:

"(a) Upon motion of a person, other than the state, entitled to appeal under subsection (1) of this section, if the person was not represented by counsel in the proceeding from which the appeal is being taken, the appellate court shall grant the person leave to file a notice of appeal after the time limits described in subsection (3) of this section if the person shows a colorable claim of error in the proceeding from which the appeal is taken.

"* * * * *

"(c) The request for leave to file a notice of appeal after the time limits prescribed in subsection (3) of this section shall be filed no later than 90 days after entry of the order being appealed and shall be accompanied by the notice of appeal sought to be filed. A request for leave under this subsection may be filed by mail and shall be deemed filed on the date of mailing if the request is mailed as provided in ORS 19.260."

appealed, and that mother was represented by counsel in the trial court. ORS 419A.200(4)(a), (c). In the same order, this court removed mother's counsel and appointed new appellate counsel. This court asked mother's new counsel to respond to the state's motion to dismiss and to "address the issue of whether, with respect to the filing of a notice of appeal, mother was deprived of the effective assistance of counsel and, if so, whether the remedy for that ineffective assistance of counsel is to permit mother to pursue an otherwise untimely appeal."

In its motion to dismiss, the state argues that appeal in a termination proceeding is governed by ORS 419A.200 and that ORS 419A.200(4) provides the sole statutory exception to the 30-day time limit for filing an appeal. The state notes that mother is unable to qualify for a delayed appeal under the exception provided in ORS 419A.200(4) because she was represented by counsel in the trial court and because, in any event, her appeal was not taken within the 90-day time frame established by ORS 419A.200(4)(c).

Mother argues in opposition to the state's motion to dismiss that, under the rule of law announced in *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990), she is entitled to effective assistance of counsel in proceedings to terminate her parental rights. The state agrees with mother that, under the standards set forth in *Geist*, an appointed counsel who fails to file a timely notice of appeal when requested to do so by a parent provides inadequate assistance of counsel. The state contends, however, that mother is not entitled to a delayed appeal because *Geist* requires that she show that her counsel's inadequacy "prejudiced her cause to the extent that she was denied a fair trial," *id.* at 191, which the state maintains mother has not done. The state also argues that, even if mother did establish prejudice, under the rule of law announced in *State ex rel Juv. Dept. v Bryant*, 84 Or App 571, 735 P2d 5 (1987), mother nonetheless failed to file a notice of appeal within a reasonable time and should not be permitted to pursue a delayed appeal.

We turn first to the parties' arguments under *Geist*. In *Geist*, a mother appealed from an order terminating her parental rights, asserting on appeal that her court-appointed

trial counsel provided inadequate assistance. This court held that the mother's claim was not reviewable on direct appeal, 97 Or App 10, 775 P2d 832 (1989), but the Oregon Supreme Court concluded that the mother's claim was reviewable on direct appeal. *Geist*, 310 Or at 185-87. The court first noted that the mother had a statutory right to counsel in a termination proceeding and concluded that a statutory right to counsel includes a right to adequate counsel. A right to adequate counsel, however, "may prove illusory if there is no procedure for review of claims of inadequate counsel." *Id.* at 185 (footnote omitted). The court went on:

> "Absent an express prohibition against challenges of adequacy of appointed counsel, we do not interpret the legislature's omission of an express procedure as evidencing any legislative intent to preclude such challenges. Absent an express legislative procedure for vindicating the statutory right to adequate counsel, this court may fashion an appropriate procedure." *Id.* (footnote omitted).

The court then reasoned that, because of the nature of a termination proceeding, "[f]inality in the resolution of parental rights termination cases should be achieved as expeditiously as possible, consistent with due process." *Id.* at 186 (citations omitted). The court reasoned that further procedures after affirmance of a termination on direct appeal, such as collateral attacks based on challenges to the adequacy of counsel, would delay the finality of a termination proceeding. *Id.* at 187. The court therefore held that "challenges to the adequacy of appointed trial counsel in such proceedings must be reviewed on direct appeal." *Id.* (footnote omitted).

■ The preliminary question presented here is whether, under *Geist*, mother has a potential remedy for inadequate assistance of appellate counsel in filing her appeal. The holding quoted above applies to "appointed trial counsel." However, we see no principled basis for distinguishing between trial and appellate counsel under the circumstances; it is undisputed that mother has a statutory right to court-appointed counsel both at trial and on appeal. The question, then, is whether this court "may fashion an appropriate procedure" in the absence of "legislative procedure for vindicating the statutory right to adequate counsel[.]" *Id.* at 185. We find no legislative procedure for vindicating the statutory

right to adequate appellate counsel in termination proceedings; the delayed appeal provisions of ORS 419A.200(4) may vindicate the rights of parents in termination proceedings who were unrepresented by counsel, but they do not assist those who were represented inadequately. We therefore conclude that we may fashion a remedy, and we further conclude that, for the reasons discussed in *Geist*, it is proper to do so in the context of direct appeal rather than in collateral proceedings. Where the alleged inadequacy of counsel resulted in an untimely appeal, the obvious remedy, and the only remedy suggested by the parties in this case, is permitting mother to pursue a delayed appeal from the order terminating her parental rights.

The next question is how a party may establish that appointed counsel provided inadequate assistance by failing to file an appeal. In *Geist*, the court held that the standard by which counsel's performance is measured is "whether a termination proceeding was 'fundamentally fair,' " as that term has been used in federal due process cases. 310 Or at 187-88. "The essence of fundamental fairness is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 189-90, *citing Mathews v. Eldridge*, 424 US 319, 333, 96 S Ct 893, 47 L Ed 2d 18 (1976). Without a doubt, if mother is deprived of an opportunity to appeal due to counsel's failure to file a timely notice of appeal, she will be deprived of any opportunity to have her appeal "heard at a meaningful time and in a meaningful manner." *Id.* at 190. We conclude that, when counsel's acts or omissions deprive a parent in a termination proceeding of his or her statutory right to appeal, the "fundamental fairness" standard has not been met. Consequently, we conclude that counsel's failure to file a timely notice of appeal in a termination proceeding where the parent has indicated a desire to pursue his or her statutory right to appeal an order terminating parental rights constitutes inadequate assistance of counsel. *Cf. Shipman v. Gladden,* 253 Or 192, 199, 453 P2d 921 (1969) ("The failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process.").

The remaining question, then, is what type of showing mother must make to establish her entitlement to the

particular remedy of a delayed appeal. In *Geist*, the court looked "to the totality of the circumstances" to determine if the termination proceeding was fundamentally fair. The court stated:

> "The bare assertion of trial counsel's inadequacy does not warrant a remand or reversal; nor does a finding of inadequacy, standing alone, require a remand or reversal if, on *de novo* review of the record, the reviewing court is satisfied that the proceeding was fundamentally fair and that even with adequate counsel, the result inevitably would have been the same." 310 Or at 191.

Under *Geist*, therefore, a parent alleging inadequate assistance of trial counsel must make some sort of showing that counsel's inadequacy affected the outcome of the case or, in essence, a showing that the parent was prejudiced. That requirement cannot be imported directly into a case involving the adequacy of appellate counsel. Clearly, appellate counsel's inadequate performance did not affect the outcome of the *trial*, it affected the appellate court's ability to review *de novo* the order of the trial court. ORS 419A.200(5). At this stage in the proceeding, without briefing, we can scarcely conduct a *de novo* review to determine whether appellant will be able to prevail in this court on *de novo* review. Mother posits that, under these circumstances, she should not be expected to make any sort of showing of likelihood of success on the merits of her appeal.

However, we think it unlikely that a legislature that has provided for court-appointed counsel for parents in termination proceedings would endorse a remedy under the present circumstances that is significantly more expansive than the remedy provided by the delayed appeal provisions of ORS 419A.200(4) when a parent was unrepresented by counsel at trial. Under ORS 419A.200(4)(a), a parent who was unrepresented at a termination proceeding who seeks to file a delayed appeal must show "a colorable claim or error in the proceeding from which the appeal is taken." We believe that standard is equally appropriate for determining entitlement to delayed appeal where a parent receives inadequate assistance of counsel in filing an appeal.

The state maintains that we likewise should import the 90-day delayed appeal deadline from ORS 419A.200(4)(c) into our analysis, and thus conclude that mother's appeal in this case is simply too delayed because it was filed 96 days after entry of judgment. In support of its argument, the state cites *Bryant*, 84 Or App at 574, for the proposition that "a parent 'has a duty to cooperate in good faith with the judicial system and to aid in her own defense,' and 'may not delay the orderly process of law by failing' to maintain contact with counsel."

■    We do not agree that the 90-day delayed appeal deadline from ORS 419A.200(4)(c) should be applied by analogy to the present circumstances. A parent who represents himself or herself in a termination proceeding and subsequently seeks to appeal is in a very different circumstance than a parent who was represented in the proceeding, who has instructed counsel to file an appeal, and who relies on counsel to do so. Relying on counsel to follow one's instructions scarcely amounts to a failure to cooperate in good faith with the judicial system, nor does such reliance demonstrate that one has failed to maintain adequate contact with counsel. *Bryant* simply is not analogous. In *Bryant*, the mother failed to appear at a termination proceeding and an order of default was entered against her. 84 Or App at 573. She had refused to cooperate with court-appointed counsel and had moved without giving counsel a forwarding address. *Id.* What we said in *Bryant* was that "a parent with appointed counsel may not delay the orderly process of law by failing to keep her attorney advised of her whereabouts." *Id.* at 574. We did not imply, as the state would have it, that a parent who has asked counsel to pursue an appeal somehow delays the orderly process of law by relying on counsel to follow that instruction. We conclude that a parent who relies on counsel to file a timely notice of appeal should not be limited by the 90-day delayed filing deadline found in ORS 419A.200(4)(c) should counsel fail to follow the parent's directive. This is not to say that there is no limit at all, for there may be circumstances under which a parent could be faulted for failing to inquire concerning the status of the appeal. We believe it is more appropriate to evaluate the facts underlying each case that involves inadequate assistance of appellate counsel to

determine whether a party has sought a delayed appeal within a reasonable period of time. Under the circumstances here, mother sought her delayed appeal within a reasonable period of time.

■       Finally, we turn to the resolution of the present case. As noted above, mother has established that she received inadequate assistance of counsel on appeal because counsel failed to timely file a notice of appeal after being instructed to do so. The sole remaining question, then, is whether mother has shown a colorable claim of error in the proceeding from which the appeal is taken.

A lengthy discussion of the facts of this case is not required at this point. The judgment at issue in this case terminated mother's parental rights to a daughter pursuant to ORS 419B.504, which requires, in part, that the court find that the parent has not taken steps to make reunification with the child possible "after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected." ORS 419B.504(5). Alternatively, the court terminated mother's rights under the "extreme conduct" statute, ORS 419B.502, under which a court may find a parent "unfit by reason of a single or recurrent incident of extreme conduct toward the child or another child," and under which the court may consider "[p]revious involuntary terminations of the parent's rights to another child if the conditions giving rise to the previous action have not been ameliorated." ORS 419B.502(6). The court found that mother's rights to two other children had been terminated and that the conditions giving rise to those terminations had not been ameliorated. Mother argues that she was not offered social services and that the court's findings under ORS 419B.504 therefore are unsupported by clear and convincing evidence in the record. Mother further argues that the state presented insufficient evidence that the conditions that led to prior termination had not been ameliorated.

Mother's legal arguments are not patently unmeritorious. In this type of proceeding, we review *de novo* to determine whether clear and convincing evidence supports the trial court's conclusions. Although we cannot say at this point

that mother has demonstrated error or even that she has shown that she is likely to prevail on her appeal, we conclude that she had made a colorable claim of error in the proceedings below. We therefore grant mother the remedy of a delayed appeal.

Motion to dismiss denied; mother's delayed appeal allowed.