On appellant's motion for relief (improper filing of notice of appeal) filed July 17; resubmitted en banc October 15, motion for relief denied by an equally divided court; appeal dismissed October 31, 2001

In the Matter of Susan Gail Linder,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

SUSAN GAIL LINDER,
*Appellant.*

01-MH-0008; A115127

33 P3d 1023

Steven K. Chappell for motion.

Before Deits, Chief Judge, Edmonds, Landau, Haselton, Armstrong, Linder, Wollheim, Kistler, Brewer, and Schuman, Judges.

PER CURIAM

Motion for relief from appellant's failure to file a timely notice of appeal denied by an equally divided court; appeal dismissed.

Kistler, J., concurring.

Brewer, J., dissenting.

**KISTLER, J.,** concurring.

The trial court found that appellant was mentally ill and ordered that she be committed to the custody of the Mental Health Division for no more than 180 days. Appellant's former counsel did not file a timely notice of appeal. Appellant has now filed a motion for relief. She does not dispute that, in the absence of a timely notice of appeal, we lack jurisdiction and that ordinarily her only remedy would be a malpractice action against her former counsel for damages. Relying on *State ex rel Juv. Dept. v. Balderas*, 172 Or App 223, 18 P3d 434 (2001), appellant argues that the statutes governing mental commitment hearings give her the right to bring a collateral challenge to the commitment order[1] and that we may devise a procedure to give effect to that statutory right. Appellant's argument is squarely at odds with *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), and the cases on which she and the dissent rely either preceded *PGE* or are of limited applicability.

Appellant's statutory argument raises two issues. The first is whether the mental commitment statutes give her a right to bring an inadequate assistance of counsel claim. The second is whether those statutes also provide a procedure by which that right may be vindicated. We have never decided whether the mental commitment statutes provide either such a right or a procedure, and an examination of the text and context of those statutes does not suggest that the legislature intended to provide either the right or the procedure that appellant urges us to find.

ORS 426.100(3)(a) provides that an allegedly mentally ill person has the "right to obtain suitable legal counsel possessing skills and experience commensurate with the nature of the allegations and complexity of the case during the proceedings." ORS 426.100(3)(b) provides that, if the person lacks the funds to retain counsel, the court will appoint one. The right to "suitable counsel" that ORS 426.100(3) provides is the right to have sufficiently skilled and experienced

---

[1] The commitment order is final unless we set it aside and permit appellant to pursue a delayed appeal. Appellant's challenge is necessarily collateral because it seeks to set aside a final order for reasons that are extrinsic to the order.

counsel appointed. Textually, the statute is directed to the trial court and describes the kind of counsel whom the court may appoint. The text does not say that a mental commitment order may be set aside, describe the bases, if any, for doing so, or specify the procedure by which an allegedly mentally ill person might seek to have his or her commitment order set aside.

We can interpret the statute as appellant urges only if we insert into the statute a right to have a commitment order set aside for inadequate assistance of counsel and provide a procedure for doing so. We cannot, however, insert what the legislature has omitted. ORS 174.010; *State v. Fleetwood*, 331 Or 511, 521, 16 P3d 503 (2000); *State v. Rogers*, 330 Or 282, 290, 4 P3d 1261 (2000). The point is not simply a nicety of statutory construction. Rather, adding what the legislature omitted requires courts to engage in policy making that is more appropriately left to the legislature.[2]

The context leads to the same conclusion. What is now ORS 426.100 was first enacted in 1949. *See* Or Laws 1949, ch 571. As initially enacted, the statute gave the trial courts discretion to appoint counsel if one had not been requested. Or Laws 1949, ch 571, § 2. The right to obtain "suitable legal counsel possessing skills and experience commensurate with the nature of the allegations and complexity of the case" was added in 1979. Or Laws 1979, ch 867, § 10. By 1979, the court had recognized that a prisoner could bring a constitutionally based inadequate assistance of counsel claim to set his or her criminal conviction aside. *Shipman v.*

---

[2] This case illustrates the problem. If an allegedly mentally ill person raises, on direct appeal, a colorable claim of inadequate assistance that requires factual resolution, we are in no position to resolve that factual dispute. We lack a record to do so. We could appoint a special master or remand the case to the trial court to hold a hearing. However, unless we act on the judgment, the authority for us to remand the case to the trial court to hold a "post-commitment hearing" after the notice of appeal has divested it of jurisdiction is not immediately apparent. If the issue is referred to a special master or remanded to the trial court, new counsel will have to be appointed to litigate whether the former counsel was inadequate, but nothing in the legislature's direction to appoint counsel for the commitment hearing suggests that the legislature also intended to authorize the appointment of "post-commitment counsel" to re-examine whether the commitment should have been handled differently. Whether inadequate assistance claims should be cognizable in mental commitment proceedings and the procedures for doing so is a question that is more appropriately left to the legislature.

*Gladden*, 253 Or 192, 203, 453 P2d 921 (1969). The court, however, had never recognized a right to bring an inadequate assistance of counsel claim outside the criminal context. Rather, a person who was dissatisfied with his or her counsel's performance in a civil case was limited to a malpractice action for damages. In 1979, the law provided no means by which a party could seek to set aside a judgment in a civil case because his or her counsel failed to meet a minimum standard of competence.

We should hesitate to assume that the 1979 Legislature intended to depart from that settled understanding unless it said so explicitly. It did not. It neither expressly recognized a right to set aside a mental commitment order because of counsel's incompetence, nor did it provide a procedure for doing so. Rather, it directed trial courts to appoint counsel with a minimum level of skill and experience. Converting a statute that describes who may be appointed into a guarantee during trial of a minimum level of assistance and engrafting a procedure onto the mental commitment statutes to give effect to that newly identified right are fundamentally at odds with the methodology for interpreting statutes set out in *PGE. See Miller v. Baldwin*, 176 Or App 500, 509-10, 32 P3d 234 (2001); *see Fleetwood*, 331 Or at 521; *Rogers*, 330 Or at 290.[3]

The dissenting opinion relies on three cases to reach a different conclusion. *See State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990); *State ex rel Juv. Dept. v. Balderas*, 172 Or App 223, 18 P3d 434 (2001); *State ex rel SOSCF v. Hammons*, 169 Or App 589, 10 P3d 310 (2000). None of those cases compels the result the dissent reaches. The court held in *Geist* that parents in a termination case may challenge the adequacy of appointed trial counsel. 310

---

[3] In *Miller*, we held that the rationale in *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990), does not apply to appointed counsel in post-conviction proceedings. 176 Or App at 509-10. In part, our holding was based on a distinction between proceedings that deprive a person of a constitutionally protected right, such as liberty, and collateral challenges to those proceedings. In part, it was based on the proposition that the court's reasoning in *Geist* is inconsistent with the statutory methodology set out in *PGE*. In my view, we were right in saying that *Geist*'s reasoning cannot be reconciled with *PGE*. If that is true, it is immaterial whether the claim involves a direct deprivation or a collateral challenge. In both instances, the statute provides no right to challenge appointed counsel's adequacy.

Or at 185. Its reasoning consisted of two steps. It began from the proposition that the "statutory right to counsel * * * include[s] a right to adequate counsel." *Id.* Although the legislature had not specified that right and had failed to provide procedures to vindicate it, the court declined to "interpret the legislature's omission of an express procedure as evidencing any legislative intent to preclude such challenges." *Id.* The court accordingly supplied what the legislature had omitted. *Id.* at 186-92 and n 16. It held that a parent in a termination case could challenge the adequacy of appointed counsel and set out a detailed procedure for doing so. *See id.*

The holding in *Geist* "bec[a]m[e] a part of the [termination] statute[s], subject only to amendment by the legislature." *Palmer v. State of Oregon*, 318 Or 352, 358, 867 P2d 1368 (1994). While the termination statutes, as interpreted in *Geist*, may be amended only by the legislature, the question here is whether *Geist*'s reasoning should be extended to other statutes. *Geist* preceded *PGE*. The reasoning in *Geist* cannot be reconciled with the methodology for interpreting statutes that the court later set out in *PGE*. Given *PGE*, we should not extend *Geist*'s reasoning beyond the specific statutes it was interpreting.

*Hammons* follows *Geist*. *Geist* had involved a challenge to trial counsel's adequacy in a termination case. The question in *Hammons* was whether a party to a termination case could seek to set the judgment aside because of inadequate assistance of appellate counsel. Both cases involved the termination statutes, and, as we explained in *Hammons*, there is "no principled basis for distinguishing between trial and appellate counsel under the circumstances." 169 Or App at 593. Although we did not note the point, the later adoption of *PGE* had no effect on the rights granted by the termination statutes because the court's interpretation in *Geist* "bec[a]m[e] a part of th[os]e statute[s], subject only to amendment by the legislature." *See Palmer*, 318 Or at 358.

*Balderas* presents a slightly closer question. Following *Hammons*, we permitted the youth in *Balderas* to bring a challenge to the adequacy of his counsel in a juvenile delinquency proceeding. *See Balderas*, 172 Or App at 227. In *Balderas*, however, the state conceded that *Hammons* was

controlling, and we accepted the state's concession without discussion. *See id.* Although the result in *Balderas* establishes that a youth may raise claims of inadequate assistance in juvenile delinquency proceedings, its reasoning provides no basis for continuing to expand *Geist*'s reach. Rather, the methodology adopted in *PGE* requires that *Balderas* be limited to juvenile delinquency proceedings and not be expanded any further. It follows that appellant has no statutory right to set aside the mental commitment order and receive a delayed appeal because her counsel was inadequate.

If the statutes do not provide a right to bring an inadequate assistance of counsel claim in mental commitment hearings, the only argument left for appellant is that the constitution requires that she be given that right. Appellant, however, has not raised any constitutional argument, and the statutory argument that she raises provides no basis for granting her motion.

Deits, C. J., and Edmonds, Landau, and Linder, JJ., join in this concurrence.

**BREWER, J.,** dissenting.

Appellant's former counsel did not file a timely notice of appeal from a judgment committing appellant to the custody of the Mental Health Division. Appellant, represented by new counsel, has moved for an order permitting her to pursue her appeal. She argues that her former counsel's failure to file a timely notice of appeal constitutes inadequate assistance of counsel and that she has established a colorable claim of error in the trial court proceedings. It follows, she reasons, that she has established a sufficient basis for granting her motion. *See State ex rel Juv. Dept. v. Balderas,* 172 Or App 223, 18 P3d 434 (2001). Although the state has not opposed her motion, the concurring judges have denied it. I respectfully dissent from that decision.

In *State ex rel Juv. Dept. v. Geist,* 310 Or 176, 185, 796 P2d 1193 (1990), the court held that the parents in a termination of parental rights case have a statutory right to the assistance of adequate counsel and that, where the legislature has failed to provide a remedy to vindicate a violation of that right, the court must fashion a remedy. In *State ex rel*

*SOSCF v. Hammons*, 169 Or App 589, 10 P3d 310 (2000), also a termination of parental rights case, this court held that an attorney's failure to file a notice of appeal timely is inadequate assistance of counsel. We held that, in the absence of a remedy created by the legislature, the court would afford a remedy, namely, permitting the otherwise untimely appeal to go forward. *Id.* at 593-94. In *Balderas*, without engaging in the statutory construction analysis followed by the concurrence, we extended the holding of *Geist* and *Hammons* to a juvenile delinquency case and held that the failure of counsel to file a timely notice of appeal was inadequate assistance of counsel and that the proper remedy was to permit the otherwise untimely appeal to go forward. 172 Or App at 227-28.

ORS 426.100(3)(a) provides that the defendant in a mental commitment case has the right to be represented by "suitable legal counsel." I do not see a legitimate basis for distinguishing this case from *Geist*, *Hammons*, and *Balderas*. In each of those cases, as here, the force of the state directly was brought to bear against an individual's liberty interests. In each of those cases, as here, the legislature had created a right on the part of the would-be appellant to be represented by suitable counsel. In each of those cases, as here, the legislature had not enacted a remedy to vindicate a violation of the right to be represented by suitable or adequate counsel.

The concurrence takes us to task for failing to examine defendant's statutory right to counsel under the lens of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Although it is true that in *Miller v. Baldwin*, 176 Or App 500, 32 P3d 234 (2001), we distinguished *Geist* in part on the basis that its statutory construction analysis predated *PGE*, we primarily distinguished *Miller* from *Geist* on the ground that the reasoning of *Geist* is limited logically to direct attacks on an individual's liberty interests. That distinction, although not springing from statutory construction methodology, is inapplicable here. Unless and until the Supreme Court decides to revisit the approach taken in *Geist*, we take comfort in the distinction drawn in *Miller*.

Appellant's statutory right to suitable counsel in this case was violated when appellant's trial attorney failed to cause a notice of appeal to be filed timely. The legislature has

not provided a remedy to vindicate that right. Therefore, we should do so. The appropriate remedy for the violation is to permit the otherwise untimely appeal to go forward, provided that appellant is able to demonstrate a colorable claim of error in the proceedings from which the appeal is taken. *Hammons*, 169 Or App at 595; *Balderas*, 172 Or App at 228. Appellant contends that the record will show that the state failed to prove by clear and convincing evidence that appellant is unable to provide for her own needs, as opposed merely to pursuing an alternative life style. Appellant has demonstrated that the notice of appeal was filed untimely due to no fault of her own personally and she has demonstrated a colorable claim of error in the proceedings below. Therefore, appellant is entitled to have this appeal go forward, notwithstanding that the notice of appeal was filed untimely. The motion should be allowed.

I respectfully dissent.

Haselton, Armstrong, Wollheim, and Schuman, JJ., join in this dissent.