On appellant's motion to recall appellate judgment and reconsider dismissal filed July 5, and response to motion to recall appellate judgment and reconsider dismissal filed November 15, 2001; motion to recall appellate judgment and for reconsideration of order of dismissal denied May 8, 2002

## DOUGLAS POWELL,
*Appellant,*

*v.*

## S. Frank THOMPSON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

98C-12009; A103057

45 P3d 1056

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Kelly Knivila, Assistant Attorney General, *contra.*

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

BREWER, P. J.

## BREWER, P. J.

Plaintiff's trial attorney in this habeas corpus case filed an untimely notice of appeal. We dismissed the appeal on that ground. Plaintiff has moved to recall the appellate judgment and reconsider the order of dismissal.

Plaintiff relies on *State ex rel SOSCF v. Hammons*, 169 Or App 589, 10 P3d 310 (2000), and *State ex rel Juv. Dept. v. Balderas*, 172 Or App 223, 18 P3d 434 (2001). In those cases, as here, the failure to file a timely notice of appeal was attributable to counsel and not to the appellant personally. In *Hammons*, a termination of parental rights case, and *Balderas*, a juvenile delinquency proceeding, we determined that the failure of counsel to file a timely appeal amounted to inadequate assistance of counsel. We permitted the appeals to proceed pursuant to our authority to fashion a remedy for the inadequate assistance.

By contrast, in *Miller v. Baldwin*, 176 Or App 500, 32 P3d 234 (2001), a post-conviction relief case, we held that the plaintiff, whose attorney also failed to file a timely appeal, was not entitled to a delayed appeal. This case is more like *Miller* than *Hammons* and *Balderas*, because here plaintiff is not a party against whom the state is seeking relief but, rather, he initiated the action. We also note that, unlike post-conviction relief actions, for which ORS 138.590 requires the appointment of "suitable" counsel, no statute *expressly requires* the appointment of counsel, suitable or otherwise, in a habeas corpus action.[1]

Motion to recall appellate judgment and for reconsideration of order of dismissal denied.

---

[1] ORS 34.355 authorizes compensation for court-appointed counsel in habeas corpus cases. Plaintiff argues that we should infer from that statute an *implied* right to adequate counsel. Because this case is analogous to *Miller*, we do not address whether ORS 34.355 implies a right to court-appointed counsel, and, if it does, whether that right includes a right to adequate counsel. *See State v. Linder*, 177 Or App 715, 716, 720, 33 P3d 1023 (2001) (Kistler, J., concurring; Brewer, J., dissenting).