Argued and submitted January 15; on appellant's motion to allow late notice of appeal pursuant to ORS 419A.200(5) filed March 25, motion to allow late notice of appeal pursuant to ORS 419A.200(5) denied; appeal dismissed June 10, 2009

In the Matter of J. H.,
a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

M. U.,
*Appellant.*

Multnomah County Circuit Court
2008807661;
Petition Number 105321;
A139717

210 P3d 254

Megan L. Jacquot argued the cause and filed the brief for appellant.

Kailana Piimauna, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Mother appeals from a judgment "establishing dependency jurisdiction and disposition" with respect to her daughter. In response to this court's order to show cause why the appeal should not be dismissed on the ground that the notice of appeal was not timely filed, mother has moved for leave to pursue an otherwise untimely appeal. Specifically, she urges the court to extend the rationale of *State ex rel SOSCF v. Hammons*, 169 Or App 589, 10 P3d 310 (2000), to dependency "jurisdiction/disposition" cases, such as this one, where mother's court-appointed trial counsel failed to file a timely notice of appeal and mother would be left without a remedy if the case is not considered by this court. For the reasons explained below, we conclude that *Hammons* cannot properly be extended to this context. Accordingly, we deny mother's motion and dismiss the appeal.

On July 16, 2008, the juvenile court entered the challenged judgment.[1] On August 18, 2008—33 days later—this court received, by mail, a notice of appeal. After oral argument, we discovered the potential jurisdictional defect and, on March 23, 2009, we issued an order to show cause why the appeal should not be dismissed as untimely. In response, mother did not dispute that the notice of appeal was untimely or that, in the absence of a timely appeal, we lack jurisdiction. Rather, mother moved the court for an order permitting her to nonetheless pursue her appeal under the authority of ORS 419A.200(5) and the principles articulated in *Hammons*. That motion was filed on March 25, 2009, more than eight months after the entry of judgment; the state does not oppose the motion.

Under ORS 419A.200(3), an appeal from a judgment entered in a juvenile court proceeding may be taken by filing a notice of appeal, in the form prescribed by ORS 19.250, no later than 30 days after the entry of judgment. Filing of a

---

[1] The judgment established jurisdiction over mother's then-15-year-old daughter, J, and temporarily committed J to the legal custody of the Department of Human Services (DHS) on the grounds that mother's mental health problems interfere with her ability to parent J and place J at risk of harm, and that mother had subjected J to physical and emotional abuse.

notice of appeal may be accomplished by mail, and the date of filing is the date of mailing,

> "provided it is mailed by registered or certified mail and the party filing the notice has proof from the post office of such mailing date. Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken. If the notice is received by the court on or before the date by which such notice is required to be filed, the party filing the notice is not required to file proof of mailing."

ORS 19.260(1); *State ex rel Juv. Dept. v. Caro*, 149 Or App 631, 945 P2d 543 (1997) (applying predecessor statute, *former* ORS 19.028(1) (1995), *renumbered as* ORS 19.260(1) (1997), to appeal of judgment in juvenile court proceeding). Timely filing a notice of appeal is a jurisdictional requirement. *See* ORS 19.270(1) ("The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255."); ORS 19.270(2)(b) (the failure to properly file a notice of appeal is jurisdictional); *State ex rel Juv. Dept. v. Balderas*, 172 Or App 223, 225, 18 P3d 434 (2001) (observing that the appellant's motion for permission to pursue an otherwise untimely commenced appeal in a juvenile proceeding raised question of whether this court had jurisdiction).

In this case, mother's trial attorney apparently signed the notice of appeal on August 13, 2008, the twenty-eighth day following entry of judgment. The postmark on the envelope in which the notice of appeal was mailed suggests that it was mailed on August 15, 2008, the thirtieth day following entry of judgment. The notice was received, however, on August 18, the thirty-third day after the entry of the judgment. Thus, under ORS 19.260(1), mother was required to file proof of mailing by registered or certified mail. Mother failed to do so. Consequently, unless there is some other legal principle that operates to save the appeal, we must dismiss it. "Even if a party does not raise a jurisdictional issue, 'if we are without jurisdiction to hear [an] appeal, we must dismiss it *sua sponte*.' " *State v. Christopherson*, 159 Or App 428, 431, 978 P2d 1039, *rev den*, 329 Or 126 (1999) (quoting *Hill v. Oland*, 52 Or App 791, 794, 629 P2d 867 (1981) (brackets in *Christopherson*)).

To avoid that end, mother invokes *Hammons*. To properly understand *Hammons*, we must begin with an examination of the Supreme Court's opinion in *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990), on which *Hammons* relied. In *Geist*, the mother appealed from an order terminating her parental rights, arguing that her trial counsel—appointed under *former* ORS 419.525(2), *repealed by* Or Laws 1993, ch 33, § 373[2]—provided inadequate assistance during trial. The Supreme Court held that the right to counsel under *former* ORS 419.525(2) included a right to *adequate* counsel and that, "[a]bsent an express legislative procedure for vindicating the statutory right to adequate counsel," the court could fashion an appropriate remedy.[3] *Geist*, 310 Or at 185. The Supreme Court further reasoned that, "[a]bsent an express prohibition against challenges of adequacy of appointed counsel, we do not interpret the legislature's omission of an express procedure as evidencing any legislative intent to preclude such challenges." *Id.* Because of the critical need for finality in a termination proceeding, the court also determined that the appropriate remedy should involve review on direct appeal, rather than a collateral attack or additional litigation, which would further delay the finality of the termination decision. *Id.* at 186-87.

The Supreme Court then wrestled with the question of what standard of adequacy of counsel should be applied in the context of a termination proceeding. *Id.* at 187-91. Noting the substantial and long-recognized distinctions between adult criminal cases and juvenile court proceedings, as well as the interests at stake in a termination proceeding, the court rejected the constitutional criminal law standard in favor of a due process "fundamental fairness" standard:

> "To secure a parent's rights in the context of [a termination proceeding], courts seek to determine whether the proceedings were 'fundamentally fair.' *See generally*

---

[2] *Former* ORS 419.525(2) provided, in part, that, in a termination proceeding, "[i]f the parents are determined to be indigent by the court, and request the assistance of appointed counsel, the court shall appoint an attorney to represent them at state expense."

[3] The court did not reach the mother's claim that the Fourteenth Amendment Due Process Clause required the state to provide a remedy to vindicate her right to adequate counsel. *Geist*, 310 at 187 n 12.

*Santosky v. Kramer*, [455 US 745, 753-54, 102 S Ct 1388, 71 L Ed 2d 599 (1982)] (when the state moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures); *Lassiter v. Dept. of Social Services*, [452 US 18, 33, 101 S Ct 2153, 68 L Ed 2d 640 (1981)] (Fourteenth Amendment imposes on the states the standards necessary to insure that judicial proceedings are fundamentally fair). * * * Fundamental fairness is flexible and calls for such procedural protections as the particular situation demands."

310 Or at 189-90. That interpretation of *former* ORS 419.525(2)—*viz.*, that it encompasses a right to adequate counsel, with adequacy determined using a standard of fundamental fairness—"becomes part of the statute as if it were written into the law at the time of its enactment." *Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995).

Against that backdrop, we return to *Hammons*, another termination case, decided a decade after *Geist*. In *Hammons*, the mother, who was represented by court-appointed counsel at trial and on appeal, argued that, under the reasoning of *Geist*, she was entitled to file a delayed appeal as a remedy for the inadequate assistance of her appellate counsel in not timely filing her appeal of the termination judgment. 169 Or App at 592. We readily agreed with the mother that, although *Geist* concerned inadequate assistance of *trial* counsel, there was no principled basis for distinguishing between the right to adequate counsel at trial and on appeal. *Id.* at 593.[4] Applying the "fundamental fairness" standard of *Geist*, we also concluded that, where a parent has indicated a desire to pursue his or her statutory right to appeal a termination of parental rights, counsel's failure to file a timely notice of appeal, "[w]ithout a doubt," constitutes inadequate assistance of counsel. *Id.* at 594.

---

[4] Although we did not discuss it, at the time we decided *Hammons, former* ORS 419.525(2) had been repealed by the legislature. Or Laws 1993, ch 33, § 373. However, the legislature also enacted a new section, codified as ORS 419B.518, using the same language as *former* ORS 419.525(2). Or Laws 1993, ch 33, § 144. Thus, the holding of *Geist* is not affected by that change. *Miller v. Baldwin*, 176 Or App 500, 504 n 5, 32 P3d 234 (2001) (so stating; citing *Hunt v. Weiss*, 169 Or App 317, 321, 321 n 3, 8 P3d 990 (2000), for the proposition that ORS 419B.518 provides the same right as *former* ORS 419.525(2)).

The determination of appellate jurisdiction in *Hammons* thus reduced to whether we " 'may fashion an appropriate procedure' in the absence of 'legislative procedure for vindicating the statutory right to adequate counsel[.]' " *Id.* at 593 (quoting *Geist*, 310 Or at 185 (brackets in *Hammons*)). We observed that no such legislative procedure existed because the delayed appeal provisions contained in ORS 419A.200(4) (1999),[5] were, at that time, available only to parents who were *unrepresented by counsel*—and not those who were *represented by counsel, albeit inadequately*. For that reason, we concluded that it was permissible for us to fashion a remedy and, as in *Geist*, to do so in the context of a direct appeal. *Hammons*, 169 Or App at 594. Turning to the remedy itself, and noting that the legislature would not likely endorse a more "expansive" remedy than that authorized by ORS 419A.200(4) (1999) for a parent who was unrepresented by counsel at trial, we incorporated a requirement that a parent seeking a delayed appeal based on inadequate assistance of counsel in filing the appeal demonstrate " 'a colorable claim [of] error in the proceeding from which the appeal is taken.' " *Hammons*, 169 Or App at 595 (quoting ORS 419A.200(4)(a) (1999)). We declined, however, to also import the 90-day delayed appeal deadline from ORS 419A.200(4)(c), reasoning that it was more appropriate in a case involving inadequate assistance of counsel in filing an appeal to evaluate the facts of each case to determine

---

[5] ORS 419A.200(4) (1999) provided:

"(a) Upon motion of a person, other than the state, entitled to appeal under subsection (1) of this section [including any person whose rights or duties are adversely affected by a final order of the juvenile court], *if the person was not represented by counsel in the proceeding from which the appeal is being taken*, the appellate court shall grant the person leave to file a notice of appeal after the time limits described in subsection (3) of this section if the person shows a colorable claim of error in the proceeding from which the appeal is taken.

"* * * * *

"(c) The request for leave to file a notice of appeal after the time limits prescribed in subsection (3) of this section shall be filed no later than 90 days after entry of the order being appealed and shall be accompanied by the notice of appeal sought to be filed. A request for leave under this subsection may be filed by mail and shall be deemed filed on the date of mailing if the request is mailed as provided in ORS 19.260."

(Emphasis added.)

whether the party "sought a delayed appeal within a reasonable period of time." *Id*. at 597.

Mother, invoking *Hammons*, now argues that she should be permitted to pursue her delayed appeal of a jurisdictional and dispositional judgment where, as in *Hammons*, her counsel failed to file a timely notice of appeal of that judgment.[6] Mother's argument is unavailing because, unlike in *Geist* (and *Hammons*), the applicable statute prescribes a remedy for counsel's default and, thus, effectively preempts the relief that mother seeks here.

As discussed above, 229 Or App at 41, our authority in *Hammons* to craft a remedy for the mother to challenge her counsel's inadequate assistance in failing to file a timely appeal was predicated on the absence of a legislative procedure for doing so. *See Hammons*, 169 Or App at 593-94. After we decided *Hammons*, however, the legislature amended ORS 419A.200 to eliminate the limitation—*viz.*, "if the person was not represented by counsel in the proceeding from which the appeal is being taken"—that made the statutory delayed appeal remedy available only to *pro se* litigants. Or Laws 2001, ch 480, § 3a; Or Laws 2001, ch 342, § 1.[7] The relevant subsection of ORS 419A.200 now provides:

---

[6] Mother's trial counsel was presumably appointed under the authority of ORS 419B.205, which provides that counsel shall be appointed for a parent or legal guardian "whenever the nature of the proceedings and due process so require, and when the parent or legal guardian has been determined by the court to be eligible to receive appointed counsel * * *." In deciding whether to appoint counsel, the court is required to consider several enumerated factors. ORS 419B.205(1)(a) - (d).

[7] The legislative history of the bill that was the source of what became the 2001 amendments to ORS 419A.200 indicates that the purpose of the amendments was to provide—in statute—a delayed appeal remedy for parents in juvenile cases who, through no fault of their own, fail to have a timely notice of appeal filed in the Court of Appeals, regardless of whether they had been represented by counsel in the proceeding below. At hearings in the House and the Senate, Jim Nass, testifying on behalf of the Oregon Judicial Department, explained that the amendments were designed to allow parties in juvenile cases, whether they had been represented by counsel below or not, the opportunity to pursue delayed appeals under the same standard as applied in appeals in criminal cases. Tape Recording, House Committee on Judiciary, Subcommittee on Criminal Law, HB 2388, Jan 30, 2001, Tape 8, Side A (statement of Jim Nass, Oregon Judicial Department); Tape Recording, Senate Committee on Judiciary, HB 2388A, Apr 30, 2001, Tape 116, Side B, Tape 117, Side A (statement of Jim Nass, Oregon Judicial Department). A representative of the Department of Justice further testified that, notwithstanding the statute's then-existing limitation on the 90-day delayed appeal provision as applying only to unrepresented parties, the Court of Appeals was allowing some late appeals

"(5)(a)   Upon motion of a person, other than the state, entitled to appeal under subsection (1) of this section,[8] the appellate court shall grant the person leave to file a notice of appeal after the time limits described in subsection (3) of this section if:

"(A)   The person shows a colorable claim of error in the proceeding from which the appeal is taken; and

"(B)   The person shows that the failure to file a timely notice of appeal is not personally attributable to the person.

"* * * * *

"(c)   The request for leave to file a notice of appeal after the time limits prescribed in subsection (3) of this section must be filed no later than 90 days after entry of the judgment being appealed and must be accompanied by the notice of appeal sought to be filed. A request for leave under this subsection may be filed by mail and is deemed filed on the date of mailing if the request is mailed as provided in ORS 19.260.

"(d)   The court may not grant relief under this subsection unless the state has notice and opportunity to respond to the person's request for relief."

Thus, the decisive factor upon which our authority to craft a remedy in *Hammons* was predicated—that is, "the absence of [a] 'legislative procedure for vindicating the statutory right to adequate counsel[,]' " *Hammons*, 169 Or App at 593 (quoting *Geist*, 310 Or at 185)—no longer exists. At least with respect to claims of inadequate assistance of counsel based on the failure to timely file an appeal of a judgment of the juvenile court, the legislature has provided a specific procedure in ORS 419A.200(5). As a result, mother's statutory right to adequate counsel—if, indeed, she has one under ORS 419B.205—would not be "illusory," as was the case in *Hammons*, 169 Or App at 593-94, due to the lack of any procedure for remedying the asserted inadequacy. Rather, even

by represented parents to proceed based on claims of inadequate assistance of counsel under the Supreme Court's decision in *Geist*. Tape Recording, Senate Committee on Judiciary, HB 2388A, Apr 30, 2001, Tape 117, Side A (statement of Michael Livingston, Oregon Department of Justice).

   [8] Subsection (1) provides, in part, that "any person or entity * * * whose rights or duties are adversely affected by a judgment of the juvenile court may appeal therefrom."

assuming mother has a statutory right to adequate counsel analogous to the right derived by the court in *Hammons*, mother's remedy for vindication of that right is now governed by ORS 419A.200(5).

We turn to that statute. Assuming without deciding that mother has shown a colorable claim of error in her brief, *see* ORS 419A.200(5)(a)(A), and that the untimely filing of the notice of appeal is not personally attributable to her, *see* ORS 419A.200(5)(a)(B), the statute does not assist mother. Under paragraph (c), a request for leave to file a late notice must be filed within 90 days after the entry of the judgment being appealed. Mother's request for permission to pursue her appeal despite the late filing of the notice of appeal, was filed on March 25, 2009, well outside the 90-day limit. Mother notes that the statute "would have applied" on the date the notice of appeal was filed—that is, three days beyond the 30-day filing deadline. That is correct; however, it does nothing to assist mother, because she did not at that time also request leave to file a late notice of appeal, showing that she met the conditions for doing so, as the statute requires.

Thus, mother did not satisfy the requirements for filing a delayed appeal under the legislatively prescribed prerequisites for doing so. That is the procedure the legislature has made available to vindicate the right to adequate counsel in the filing of a notice of appeal of a juvenile court judgment. The fact that mother did not timely invoke, and, thus, qualify for, that remedy does not nullify its existence and allow us to, instead, craft, under the rationale of *Hammons*, a more extensive remedy, circumventing the legislatively prescribed restrictions.[9]

Motion to allow late notice of appeal pursuant to ORS 419A.200(5) denied; appeal dismissed.

---

[9] Mother does not argue that a different remedy to address her right to adequate counsel is required under the state or federal constitutions, and we express no opinion on that issue.