256 November 20, 2024 No. 828

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Adoption of A. M. F.,
a minor child.

M. F.
and K. F.,
*Petitioners-Respondents,*

*v.*

H. S.-S.,
*Respondent-Appellant.*

Clackamas County Circuit Court
23AP00459; A184828

Susie L. Norby, Judge.

Submitted July 15, 2024; on appellant's motion to file late appeal filed July 10, 2024.

G. Aron Perez-Selsky for motion.

Before Egan, Presiding Judge, Lagesen, C. J., and Pagán, Judge.

EGAN, P. J.

Mother's motion for leave to file a late appeal is granted.

**EGAN, P. J.**

Mother moves for leave to pursue an otherwise untimely appeal from a general judgment of adoption entered in a stepparent adoption, *see* ORS 109.276, that terminated mother's parental rights to her daughter, A, without her consent.[1] As explained below, we conclude that mother's court-appointed counsel provided inadequate assistance in filing the notice of appeal, and we allow mother's motion to file a late appeal to remedy that inadequacy.

Generally, the timely filing of a notice of appeal is a prerequisite to appellate jurisdiction. *See* ORS 19.270. The time to file a notice of appeal from a judgment of adoption under ORS chapter 109 is governed by ORS 19.255(1), which requires a notice of appeal to be filed within 30 days after entry of the judgment in the trial court register. *See A. M. v. N. E. D.*, 287 Or App 36, 38, 400 P3d 1036 (2017) (observing that the "legislature has not provided a specific statute for appeals in adoption proceedings" and that the general appeals statute, ORS 19.255, therefore governs).

Therefore, an appeal from a judgment in an adoption proceeding is untimely if filed beyond the 30-day time limit in ORS 19.255(1). However, the question raised by this case is this: Whether we may allow a delayed appeal from an adoption proceeding as a remedy for inadequate assistance of appointed counsel.

The following facts are relevant to the issue before us. In May 2023, father and stepmother filed a petition under ORS 109.276 to adopt A. In the petition, father and stepmother alleged that the court could proceed without mother's consent under ORS 109.324, which allows for adoptions without a parent's consent if the court finds that the nonpetitioning parent "willfully deserted the child or neglected without just and sufficient cause to provide proper care and maintenance for the child" in the year preceding the petition. In June 2023, the court entered an order requiring mother "to show cause, if any, why an order should not be

---

[1] Father and stepmother, who initiated the adoption proceeding and are respondents on appeal, do not oppose mother's motion.

entered dispensing with [her] consent to adoption[.]"[2] Mother filed an objection to the adoption advancing without her consent, explaining that she was serving an 18-month sentence in a state prison, with a scheduled release date of March 13, 2024. Soon after filing her objection, mother filed with the trial court a request for court-appointed counsel. The trial court appointed mother counsel under ORS 109.330(4), which provides for court-appointed counsel for financially eligible parents in contested adoption proceedings. Then, through counsel, mother filed trial memorandums in opposition to the petition for adoption. The trial court held a hearing regarding the adoption on March 4, 2024, and on March 5, 2024, the trial court entered a letter opinion, concluding that it was appropriate to grant father and stepmother's petition for adoption without mother's consent. On June 5, 2024, the trial court entered the general judgment of adoption, thereby terminating mother's parental rights to A. *See* ORS 109.430(1) ("It is the policy of this state that adoption is based upon the legal termination of parental rights ***."); *Eder v. West*, 312 Or 244, 260, 821 P2d 400 (1991) ("In a contested adoption, *** when the adoption is complete, every right and interest of the natural parent in the child is terminated." (Internal quotation marks and citations omitted)).

After the trial court entered the judgment of adoption, mother's trial counsel requested that the court appoint new counsel to assist mother on appeal. The trial court appointed appellate counsel for mother on June 24, 2024. Although the last day to timely file the notice of appeal was July 5, 2024, appellate counsel did not file it until July 10, 2024. In her motion for late appeal, mother acknowledges that the notice of appeal was filed after the expiration of the filing deadline in ORS 19.255(1). She argues, however, that she is entitled to a delayed appeal because her right to adequate court-appointed counsel was violated when counsel

---

[2] As this court has explained, "[t]here are two stages in an adoption proceeding[.]" *J. W. V. v. J. L. W.*, 324 Or App 393, 398, 525 P3d 1237 (2023). "At the first stage, the trial court must determine whether the nonpetitioning parent consents to relinquishing their parental rights and, if that parent does not consent, whether the court may proceed without their consent." *Id.* (citing *Michels v. Hodges*, 326 Or 538, 544, 956 P2d 184 (1998)). "The second stage is an independent determination as to whether it is in the best interests of the child to approve the adoption." *Id.* (internal quotation marks and citation omitted.).

filed the late notice of appeal. As explained below, we agree with mother.

In support of her request, mother relies first on *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 796 P2d 1193 (1990). In *Geist*, the Supreme Court held that, where there is no "express legislative procedure for vindicating the statutory right to adequate counsel" in a state-initiated termination of parental rights (TPR) proceeding, the court may "fashion an appropriate procedure" to remedy violations of that right as part of a parent's direct appeal from the juvenile court. *Id.* at 185. Although the court recognized its authority to craft a remedy to vindicate a parent's right to adequate trial counsel in a direct appeal, it did not exercise that authority. *Id.* at 194. Ultimately, applying a standard of "fundamental fairness," the court determined that the parent had not proven that trial counsel's assistance was inadequate. *Id.*

This court applied *Giest* in *State ex rel SOSCF v. Hammons*, 169 Or App 589, 594, 10 P3d 310 (2000), and we concluded that the mother in a TPR proceeding was entitled to a delayed appeal because her court-appointed counsel provided inadequate assistance in filing the appeal. At the time that *Hammons* was decided, there was a statutory exception to the 30-day time limit for filing an appeal from a TPR judgment, but the mother did not qualify for that exception, in part because she was represented by counsel in the trial court. *Id.* at 592. We noted that the first question was "whether, under *Geist*, mother has a potential remedy for inadequate assistance of appellate counsel in filing her appeal." *Id.* at 593. We observed that there was "no legislative procedure for vindicating the statutory right to adequate appellate counsel in termination proceedings," and, therefore, concluded "that we may fashion a remedy," and that "it is proper to do so in the context of direct appeal rather than in collateral proceedings." *Id.* at 593-94. We held that "[w]here the alleged inadequacy of counsel resulted in an untimely appeal, the obvious remedy *** is permitting mother to pursue a delayed appeal from the order terminating her parental rights." *Id.* at 594.

As in a TPR proceeding, a parent with court-appointed counsel in a contested adopted proceeding under

ORS chapter 109 has the right to *adequate* assistance of counsel. As the Supreme Court has explained, "the privilege of having counsel appointed in termination cases under ORS chapter 419 applies equally to terminations by adoption under ORS chapter 109." *Zockert v. Fanning*, 310 Or 514, 524, 800 P2d 773 (1990). In *Zockert*, the court reasoned that the right to appointed counsel existed equally in both TPR proceedings and adoption proceedings because, "[t]he challenge is the same in both proceedings—a challenge to presently enjoyed parental rights." *Id.* at 521; *see also J. W. V. v. J. L. W.*, 324 Or App 393, 397, 525 P3d 1237 (2023) (explaining that, in *Zockert*, "the Supreme Court held that the right to state-provided counsel exists in private adoption proceedings and state-initiated TPR proceedings alike, precisely because both types of proceedings concern parental rights and the potential loss of those rights").

Furthermore, as was the case in *Hammons*, the relevant statutes do not contain a procedure for vindicating mother's right to adequate appellate counsel. There is no statutory provision that permits for a delayed appeal in a contested adoption proceeding, even where the failure to timely file a notice of appeal is attributable to the inadequate assistance of appointed counsel. Therefore, as in *Hammons*, we conclude that, in a contested adoption proceeding under ORS chapter 109, we have authority to craft an appropriate remedy to vindicate a parent's right to adequate appointed counsel. *Cf. State ex rel Juv. Dept. v. M. U.*, 229 Or App 35, 42, 210 P3d 254 (2009) ("[O]ur authority in *Hammons* to craft a remedy for the mother to challenge her counsel's inadequate assistance in failing to file a timely appeal was predicated on the absence of a legislative procedure for doing so."). "[W]hen counsel's acts or omissions deprive a parent * * * of his or her statutory right to appeal," the proceeding cannot be considered fundamentally fair. *Hammons*, 169 Or App at 594; *see also Giest*, 310 Or at 187-91. Therefore, as in a termination proceeding under ORS chapter 419, appointed counsel's failure to file a timely notice of appeal in a contested adoption proceeding where the parent has indicated a desire to appeal constitutes inadequate assistance of counsel. *See Hammons*, 169 Or App at 594. Thus, mother's appointed

counsel provided inadequate assistance by failing to timely file the notice of appeal.

The question remains whether mother is entitled to a delayed appeal. To show entitlement to a delayed appeal under the standard set forth in *Hammons*, a parent in a TPR proceeding who was represented by appointed counsel was required to show a colorable claim of error in the proceeding from which the appeal was taken and was required to seek a delayed appeal within a reasonable time.[3] *Id.* at 595-97. We conclude that it is appropriate to apply that standard here. Thus, we turn next to whether, in this case, mother has shown a colorable claim of error and has sought a delayed appeal within a reasonable time.

In the context of TPR proceedings, we have defined a "colorable claim of error" to mean "a claim that a party reasonably may assert under current law and that is plausible given the facts and the current law (or a reasonable extension or modification of current law)." *State ex rel Dept. of Human Services v. C. R.*, 338 Or 399, 408, 110 P3d 580 (2005). At this stage, finding a colorable claim of error does not require us to conclude that "mother has demonstrated error or even that she has shown that she is likely to prevail on her appeal[.]" *Hammons*, 169 Or App at 598.

On review of mother's arguments in her motion for a late appeal and in her memorandum to the trial court, we conclude that mother has raised a colorable claim of error. In appeals from contested adoption proceedings, we review *de novo* to determine whether the petitioner has proved by clear and convincing evidence that the grounds for dispensing with consent exist. *J. W. V.*, 324 Or App at 398. If the court finds that the nonconsenting parent has neglected the child under ORS 109.324, as the trial court found here, then "the relevant inquiry shifts to whether just and sufficient cause excuses the parent's neglect." *C. R. H. v. B. F.*, 215 Or App 479, 486, 169 P3d 1286, *rev den*, 343 Or 690 (2007).

---

[3] At the time *Hammons* was decided, the provision that allowed for delayed appeals from juvenile court rulings (including from TPR proceedings), was limited to appellants who were *unrepresented by counsel*. *See* ORS 419A.200(4) (1999), *amended by* Or Laws 2001, ch 480, §§ 3, 3a. That delayed-appeal provision now applies to parties appealing a juvenile court judgment regardless of whether they are represented by counsel or not. *See* ORS 419A.200(5).

Here, in her motion for late appeal, mother sets forth the following claims of error: (1) "[t]he evidence was insufficient for the trial court to find that she neglected without just and sufficient cause to provide proper care and maintenance for her child pursuant to ORS 109.324"; and (2) "the trial court applied the wrong legal standard in finding neglect under ORS 109.324." Suffice it to say, those contentions in the context of this case raise a colorable claim of error. That is, mother has raised claims that she may reasonably assert under current law and that are plausible given the facts.

Further, mother sought a delayed appeal within a reasonable time. Mother's counsel filed the motion for late appeal (along with the notice of appeal itself) only five days after the conclusion of the 30-day period in which to timely file a notice of appeal under ORS 19.255(1), and mother had indicated to counsel her desire to file an appeal within the 30-day time limit. *Cf. Hammons*, 169 Or App at 596 ("[T]here may be circumstances under which a parent could be faulted for failing to inquire concerning the status of the appeal.").

In conclusion, we hold that when appointed counsel acts inadequately by failing to timely appeal a judgment of adoption rendered under ORS chapter 109, the parent is entitled to pursue a delayed appeal if the parent shows a colorable claim of error in the proceeding below and seeks a delayed appeal within a reasonable time. Under the circumstances of this case, we allow mother to pursue a delayed appeal from the judgment of adoption as a remedy for the inadequate assistance of appointed counsel.

Mother's motion for leave to file a late appeal is granted.